Mario Pittout, J.
This appeal brings before this court for review several orders of the Children’s Court of Nassau County heretofore made in this proceeding pending in that court to compel support of a dependent minor child under the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A).
There is also pending before the court a motion to vacate or stay a warrant issued by the Children’s Court for failure of appellant to comply with its orders. A temporary stay con *164 tained in the order to show cause by which this motion was brought on was vacated before argument of the motion, determination of which will be accomplished by the decision of this appeal.
The parties, formerly husband and wife, lived together during their marriage in Queens County. Dissension arose between them, and the wife (the present respondent) started a separation action, which was tried in 1959, and resulted in a judgment, dismissing her complaint, awarding her the custody of the infant daughter (then less than two years old and now four years old), directing the father to pay the mother for the child’s support the sum of $40 per week, and allowing him weekly visitation.
It appears that the parties, after the rendition of this judgment, again lived together; dissensions again arose; about April, 1960 the wife left the husband, taking the child with her; thereafter she went to Florida with the child and both still live there.
In June, 1960 this proceeding was commenced in the appropriate court in Florida and transferred to the Children’s Court of Nassau County, where the father now resides. On November 2, 1960, an order was made, directing payment of $40 per week for the child’s support. This order was appealed from. On January 17, 1961, a further order was made, continuing the provisions of the order of November 2, 1960 and further directing payment of $20 per week for the support of the wife. It does not appear that this order has been appealed from. Up to this point, appellant (admitted to the practice of law, but employed and making his living as a salesman) had defended in person. On April 6, 1961, by his present counsel, he moved to vacate the order of January 17, 1961, which motion was granted to the extent that on April 27, 1961 the provision of the order of January 17,1961, providing for payments for the wife’s support was vacated as of March 27, 1961, when, the court had learned, the wife had obtained a decree of divorce in Florida and shortly after married one Shefrin; in all other respects the motion was denied. From such denial an appeal was taken. On April 27, 1961 likewise an order and an amended order were made, continuing the direction for payment of $40 per week for the child’s support; from all of which orders appeals were taken.
Appellant argues that evidence of the respondent taken in Florida was improperly admitted without according him the right of cross-examination. The Children’s Court followed the procedure permitted by subdivisions 6, 7 and 8 of section 37 of the Domestic Relations Law; appellant made no application for interrogatories, as provided by subdivision 9 of that section; and even on his own testimony an order for the *165 child’s support would have been warranted. The only real dispute was as to the wife’s reason for going to Florida; and on that issue the respective contentions were before the court. In this court’s opinion, there was no error in the reception of the evidence of which complaint is now made. (Lamdes v. Landes, 1 NY 2d 358.)
The mother has no doubt deprived the father of any substantial power of visitation. This, as shown by the cases relied upon by the appellant, might induce the court to refuse to punish the husband for contempt in failing to comply with an order for the payment of alimony in a matrimonial action; or it might deprive the wife of a right to enforce monetary provisions of a separation agreement. It does not, however, constitute a defense in a proceeding under the Uniform Support of Dependents Law, a basic assumption of which is that a father is responsible for the support of his dependent children, regardless of the acts of the mother. (Aberlin v. Aberlin, 3 A D 2d 417, appeal dismissed 3 N Y 2d 934; Goodman v. Goodman, 17 Misc 2d 712.) Perhaps a case may be imagined where a mother would be so contemptuous of the orders of a court as to justify a refusal to make an order under the Uniform Support Act; but this is not such a case. This mother had custody of the child awarded to her and the father was directed to pay for the child’s support the sum named in the orders appealed from, all by a judgment of the Supreme Court, Queens County, never modified. The amount named in the order is large for this child’s age, but there is some proof that the child was ill and required medical care; and no reason appears in the record for decreasing the amount, which is well within the father’s means to pay. While representing himself, he expressed his willingness to contribute to the child’s support, seeking only an assurance of right to visit the child, which the courts of this State can no longer effect: that does not absolve bim from his duty. , ■ :
As to the order for the support of the wife, the court reaches a different conclusion. This order has been, for the future, vacated and was in effect for only about two months. Although no appeal was taken from the order, there was a substantial showing on the motion to vacate that the mother had been, to say the least, less than frank with the court. Although urging that she was dependent on the husband, she had maintained herself in some fashion in Miami for the better part of a year; almost immediately after the order for her support was made, the husband was served with process in a Florida divorce action; and within some two months, the wife had secured a judgment of divorce and had remarried. In this court’s opinion, the showing of fact upon the motion to *166 vacate in that respect the order of January 17, 1961 was so strong that it compels the finding that the wife was not in fact dependent on the husband, and the order directing support for her should have been altogether vacated.
Accordingly, the orders of the Children’s Court of Nassau County, from which this appeal is taken, will be modified to provide that the direction to make payments for the support of the wife shall be altogether vacated, and in all other respects such orders are affirmed. If payments have been transmitted to the wife for her personal support, the appellant should be credited with them against payments for the support of the child. The motion for a stay is denied. None of the grounds urged in support thereof are sustained.