Strafford,
No. 5718.

EDITH L. CHANDLER

*v.*

WILLIAM R. CHANDLER.

Argued October 1, 1968.
Decided July 30, 1969.

*Sulloway, Hollis, Godfrey & Soden* and *Michael R. Callahan* (*Mr. Callahan* orally), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* and *Stephen J. Spielman* (*Mr. Spielman* orally), for the defendant.

*Robert A. Carignan,* county attorney, filed no brief.

KENISON, C.J. Petition by the plaintiff wife against her defendant husband for the support of their two minor children under the provisions of the 1958 version of the Uniform Reciprocal Enforcement of Support Act. RSA 546:1-41(supp); Laws 1959, 271:1. See Kelso, Reciprocal Enforcement of Support: 1958 Dimensions, 43 Minn. L. Rev. 875 (1959); Brockelbank, The Family Desertion Problem Across State Lines, 383 Annals 23 (May 1969). The wife and children reside in the "initiating state" of Maryland and the husband resides in the "responding state" of New Hampshire. RSA 546:2 I, II (supp).

A hearing was held on the petition. The wife was represented by her counsel and the county attorney and her counsel expressly waived any claim for her support. The husband appeared in person, testified and was represented by counsel. He stated that he was able and willing to make some payment for the support of the minor children. The Court (*Leahy,* C.J.) ordered the husband to pay through the New Hampshire Probation Department $160 monthly for the support of the minor children, such payments to be forwarded to the wife in Maryland, and denied the husband's petition for custody of the children or in the alternative reasonable rights of visitation. Almost one year later and while the husband was in default under the original order the husband and the county attorney acting for the wife entered into a stipulation which provided for the payment of $80 monthly through the New Hampshire Probation Department "until such time as the parties may agree to reasonable rights of visitation." This stipulation was approved by *Morris,* J. The wife filed a motion to quash the stipulation and *Grant,* J. approved the stipulation and adopted it as a decree. The exceptions of the parties to

various orders of the Court were reserved and transferred by *Grant,* J.

The primary issue raised by the parties in this case is whether the courts of New Hampshire as the responding state may condition a petition for support under the Uniform Reciprocal Enforcement of Support Act upon reasonable rights of visitation. The wife claims this is prohibited by RSA 546:31 of the Uniform Act, which reads as follows: "546:31 EFFECT OF PARTICIPATION IN PROCEEDING. Participation in any proceeding under this chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding." The husband contends that visitation rights are a concomitant of the support proceeding and may be properly taken into consideration in determining the amount of support.

In this state it is clear that the absence of the right to visitation does not create a bar to the right of support or obviate the duty of the obligor to provide it. *Guggenheimer* v. *Guggenheimer,* 99 N. H. 399, 403. The right of a parent to reasonable visitation of his children is an important one which should not be jeopardized without good cause (*Butler* v. *Butler,* 83 N. H. 413) but the right is not an absolute one and the duty to support continues and may be enforced under the Uniform Reciprocal Enforcement of Support Act even though the mother and children are residing in another state. *Bourdon* v. *Bourdon,* 105 N. H. 432.

In the present case the duty of the husband to contribute to the support of his minor children is clearly established, and long overdue. We recognize the importance of visitation rights as well as the possibility that these may be asserted as an excuse to deny or reduce support orders. "It has always been interesting to note that, no matter how long a period of time has elapsed since the father has contributed to the support of his child, immediately upon his being placed under a support order he feels that he has a vested interest in these children. He wants to know how he may go about establishing contact with them and what his rights are in connection with visitation." Faske, Reciprocal Support Law – Past, Present and Future, in ABA Section of Family Law Proceedings 66, 68 (1961).

The main thrust of the uniform act is to provide an effective and additional method of determining and collecting support for the family. RSA 546:1(supp); *Salito* v. *Salito,* 107 N. H.

53. Some courts have concluded that the uniform act is absolutely limited to support relying in part on RSA 546:31(supp). *Blois* v. *Blois* (Fla. App.) 138 So. 2d 373; *State ex rel Schwartz* v. *Buder* (Mo. App.) 315 S.W. 2d 867. Other jurisdictions have taken a less strict view of the uniform act. *State ex rel Shannon* v. *Sterling,* 248 Minn. 266; *Curry* v. *Felix,* 276 Minn. 125; Annot. 42 A.L.R. 2d 768. The welfare of minor children can not be frozen for all time in a support order which excludes all consideration of visitation rights. *Daly* v. *Daly,* 21 N. J. 599; *Moore* v. *Moore,* 252 Iowa 404; *Elkind* v. *Byck,* 68 Cal. 2d 453. See Brockelbank, Interstate Enforcement of Family Support 60 (1960). It is one thing to say that support may be enforced even though the obligor has no visitation rights (*Bourdon* v. *Bourdon,* 105 N. H. 432) but this is not to say that a court in its discretion is deprived of the power to reduce a support order subject to voluntary recognition of rights of visitation. See Clark, Law of Domestic Relations 209 (1968).

The desirability and necessity of visitation rights can be determined best by those who administer the mechanics of the Uniform Reciprocal Enforcement of Support Act as reviewed by the Trial Judge sitting in the case. We conclude that RSA 546:31 (supp) does not preclude a court from reducing a support order until such time as agreement may be reached by the parties as to reasonable rights of visitation.

The exceptions of both parties are overruled and the decree affirming the stipulation of the husband and the county attorney is affirmed.

*Remanded.*

All concurred.