313 So.2d 61 (1975)
Mary L. VECELLIO, Appellant,
v.
Florio Joseph VECELLIO, Appellee.
No. 74-1425.
District Court of Appeal of Florida, Fourth District.
May 30, 1975.
Robert Eagan, State's Atty., and Rom W. Powell, Asst. State's Atty., Orlando, for appellant.
No appearance for appellee.
WALDEN, Judge.
This appeal concerns the administration of Fla. Stat., Chap. 88, the Uniform Reciprocal Enforcement of Support Law (1973).
*62 A mother in the initiating state of Pennsylvania filed her complaint for support. Florida, as the responding state, acquired jurisdiction over the father. In due course judgment was entered which required the father to pay $60 monthly for the support of the parties' three children.
Thereafter the father filed petitions to terminate the payment of child support on the ground that the mother denied him child visitation privileges. Finally, a hearing was conducted with only the testimony of the father being taken, the mother still being in the State of Pennsylvania. The father's testimony indicated, in essence, that he had been denied visitation. The mother was represented by the Assistant States Attorney, whose position was that the denial of visitation was not a ground for terminating child support under the Support Law.
The trial court terminated support upon a finding that the father had been denied visitation. The mother appeals. We reverse.
A reading of the whole Support Law indicates that it furnishes a uniform, informal and rather speedy remedy, reciprocally, whereby the duties of support may be enforced. See particularly Fla. Stat. §§ 88.021, 88.201 and 88.271 (1973). The only subject matter covered in the Support Law is the duty of support. Nowhere is mentioned child custody or child visitation or any other item subject to adjudication as are commonly found in domestic relations cases.
Thus, it is our view that the trial court erred when it enlarged its jurisdiction to adjudicate and enforce child visitation rights as we hold that the only matter susceptible of adjudication was that of the duty of support. See, Simpson v. Simpson, 247 So.2d 792 (3d DCA Fla. 1971); Blois v. Blois, 138 So.2d 373 (1st DCA Fla. 1962); Clarke v. Blackburn, 151 So.2d 325 (2d DCA Fla. 1963). See Florida Bar Continuing Legal Education, Florida Family Law, § 35.30 (1967), where it is stated:
"The law is silent regarding visitation. However, since this is an equitable proceeding, efforts have continuously been made to establish a father-child relationship. Obviously, visitation rights cannot be adjudicated in a nonsupport proceeding, and some judges refuse to discuss the matter in an action under Chapter 88, Fla. Stat. 1965. Denial of visitation rights frequently is raised as a defense to non-support, but since the law does not encompass visitation as such, the relief sought in this area is generally referred to another forum."
Outside state authorities hold that the denial of visitation is not a defense in proceedings under the Support Law, Bourdon v. Bourdon, 105 N.H. 432, 201 A.2d 889 (1964); Application of Meyers, 29 Misc.2d 163, 219 N.Y.S.2d 63 (1961). Neither may child custody be adjudicated in such proceedings. Commonwealth v. Posnansky, 210 Pa.Super. 280, 232 A.2d 73 (1967); County of Santa Clara, Cal. v. Hughes, 43 Misc.2d 559, 251 N.Y.S.2d 579 (1964); Commonwealth v. Mexal, 201 Pa.Super. 457, 193 A.2d 680 (1963); Aberlin v. Aberlin, 3 A.D.2d 417, 161 N.Y.2d 305 (1957).
While we appreciate the concern of the able trial judge and his effort to adjudicate fully and fairly, it is our opinion that the court's jurisdiction under the Support Law was strictly limited to the adjudication of the duty of support. The father's remedy, if aggrieved, is to simply return to Pennsylvania where the mother and children reside and there obtain adjudication of any and all other matters of concern having to do with the family. In other words, the innocent children should not be deprived of support under these circumstances and where the Support Law does not contemplate that the mother must come to Florida to enforce the support claim and defend against all other equitable and family matters.
And so we respectfully hold that the trial court erred in terminating child support *63 based on its finding that the father had been denied child visitation.
The order appealed is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
OWEN, C.J., and DOWNEY, J., concur.