ANNE ELIZABETH PIFER v. RICHARD DONALD PIFER

No. 7625DC484

(Filed 17 November 1976)

1. Judgments § 17— absence of jurisdiction — void judgment

    If a court has no jurisdiction over the subject matter, the court's judgment is void.

2. Parent and Child § 10— Uniform Reciprocal Enforcement of Support Act — authority to condition support on visitation privileges

    A district court judge had no authority under the Uniform Reciprocal Enforcement of Support Act to condition the payment of support for children residing in Florida upon certain visitation privileges in Florida and North Carolina; consequently, *ex parte* orders entered by the court permitting a discontinuance of the support payments based upon an alleged violation of the condition of visitation privileges were null and void, and another district court judge erred in refusing to hear the State's motion to set those orders aside.

APPEAL by the State on behalf of the plaintiff pursuant to G.S. 52A-10.1 from *Edens, Judge.* Order entered 26 November 1975 in District Court, CATAWBA County. Heard in Court of Appeals 20 October 1976.

This is a proceeding brought under the Uniform Reciprocal Enforcement of Support Act wherein the plaintiff, Anne Elizabeth Pifer, seeks to have the court order defendant, Richard Donald Pifer, to pay ninety dollars per week support for his five minor children, and any arrearages due under said duty of support.

Plaintiff and defendant were divorced in 1972 by order of the Circuit Court in Charlotte County, Florida. In the order, plaintiff was granted custody of the five minor children of the marriage and was awarded $90 per week child support. Defendant was granted reasonable rights of visitation within the

State of Florida unless otherwise ordered by the court or agreed to by plaintiff.

After the divorce defendant moved to North Carolina and on 1 May 1973 plaintiff filed a Petition for Support and affidavit in Florida under the Uniform Reciprocal Enforcement of Support Act. The Petition and the affidavit, which were transmitted to the Catawba County District Court, alleged that defendant has intermittently failed to comply with the Florida divorce decree, having paid only $4,124 since its entry, leaving an arrearage of $1,080 as of defendant's last payment received on 13 March 1973; that defendant is presently earning $1,100 per month and is capable of making the support payments; and that plaintiff has no substantial income of her own. On 24 August 1973 Judge Cline entered an order finding that defendant owes a duty of support to his children and has sufficient earning capacity to support them and ordering defendant to pay to the Clerk of Superior Court the sum of $90 per week beginning 24 August 1973, said sums to be dispersed to the Florida court. Judge Cline refused to award plaintiff any arrearages, however, on the ground that plaintiff failed to show any supporting evidence of the arrearage other than her allegation of such in her Petition, which allegation the court determined was an insufficient basis for an order with respect to the arrearage. The court also included the following final paragraph in the order: "This order is given with the express understanding that defendant shall be permitted to see his children at any reasonable time and on reasonable notice in the State of Florida, and that plaintiff permit the children to visit with defendant at any reasonable time and for a reasonable period in the State of North Carolina. Upon the first report by defendant to this Court that he has been denied such visits, all support payments herein ordered shall immediately cease."

In December 1973 defendant ceased making support payments and after much correspondence among the Florida Attorney General's office, the North Carolina district attorney, the North Carolina Administrative Office of the Courts and Judge Cline, it was discovered that Judge Cline had issued an oral order to defendant to cease making the payments based upon defendant's report to Judge Cline that plaintiff had refused to allow the children to visit him in North Carolina. On 16 July 1974 Judge Cline filed a written Order dated 15 February 1974 containing findings that a hearing was held on 15 Feb-

ruary 1974 upon motion of defendant to terminate support payments at which it was shown that plaintiff willfully refused to allow defendant to visit with his children, and concluding that all support payments by defendant should be terminated as of 18 December 1973.

On 9 October 1975 plaintiff, through the district attorney, filed a motion in the cause requesting that the order terminating defendant's support obligation be stricken and declared null and void and that a hearing be held to determine defendant's arrearages. Plaintiff also filed an affidavit stating that she had never denied defendant his visitation privileges and that in fact defendant never even attempted to visit the children or to contact plaintiff concerning arrangements for visits prior to the order terminating support payments. Judge Edens dismissed plaintiff's motion on the ground that it was a collateral attack on a previous order of the district court and must remain in effect until reversed or modified on appeal. Plaintiff's petition for writ of certiorari was allowed by this Court.

*Attorney General Edmisten by Assistant Attorney General Parks H. Icenhour for the State appellant.*

*Sigmon & Sigmon by W. Gene Sigmon for the defendant appellee.*

HEDRICK, Judge.

While the parties in this proceeding have argued extensively the merits and demerits of the several orders entered in this cause, the only question properly before us for review is whether Judge Edens erred in entering the order dated 26 November 1975 declining to hear and rule on the State's motion to have the *ex parte* order of Judge Cline filed on 16 July 1974 set aside as being null and void and to order defendant to make support payments, including arrearages, pursuant to the order entered on 16 August 1973.

[1] If a court has no jurisdiction over the subject matter, the judgment is void. *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26 (1944). "A void judgment is a nullity, and no rights can be based thereon. It can be disregarded, or set aside on motion, or the court may of its own motion set it aside, or it may be attacked collaterally." 2 McIntosh, N. C. Practice and Procedure, § 1713, p. 163.

[2]  While we are of the opinion that the *ex parte* orders of Judge Cline entered on 18 December 1973 and 15 February 1974 and filed on 16 July 1974 are void for more reasons than one, we deem it appropriate to discuss only whether Judge Cline had any jurisdiction under the Uniform Reciprocal Enforcement of Support Act (URESA) to condition the payment of child support upon certain visitation privileges in Florida and North Carolina.

The purpose of URESA, Chapter 52A of the General Statutes, is "to improve and extend by reciprocal legislation the enforcement of *duties of support* and to make uniform the law with respect thereto." G.S. 52A-2. (Emphasis added.) G.S. 52A-13 provides, "If the court of the responding state finds a *duty of support,* it may order the defendant to furnish support or reimbursement therefor, and subject the property of the defendant to such order." (Emphasis added.) This duty of support is the only subject matter covered by URESA. Nothing in the act allows the adjudication of child custody or visitation privileges or other matters commonly determined in domestic relation cases.

In the present case it is our opinion that Judge Cline in the responding state of North Carolina had jurisdiction only to determine whether the defendant owed a duty of support to his children in the initiating state of Florida, and to enter an order requiring the defendant to furnish such support. Judge Cline had no jurisdiction whatsoever to condition the support payments upon certain visitation privileges for the defendant with his children in the responding or initiating state. Consequently Judge Cline had no authority to permit a discontinuance of the support payments upon a finding by him of an alleged violation of the condition of visitation privileges. Thus the *ex parte* orders, entered on 18 December 1973 and 15 February 1974 and filed 16 July 1974 permitting the defendant to cease support payments, are manifestly null and void, and Judge Edens erred in refusing to hear the State's motion to set these orders aside.

While we recognize that some states have adopted a contrary position with regard to the authority of the courts of the responding state to condition the payment of support upon visitation privileges, *Chandler v. Chandler,* 109 N.H. 477, 256 A. 2d 157 (1969), it is our opinion that our view is in accord with the better reasoned opinions of other jurisdictions. *Vecellio*

*v. Vecellio*, Fla. App., 313 So. 2d 61 (4th Dist. 1975); *Commonwealth v. Posnansky*, 210 Pa. Super. 280, 232 A. 2d 73 (1967). As stated in *Vecellio v. Vecellio, supra,* at 62, "The father's remedy, if aggrieved, is to simply return to Pennsylvania [initiating state] where the mother and children reside and there obtain adjudication of any and all other matters of concern having to do with the family. In other words, the innocent children should not be deprived of support under these circumstances and where the Support Law does not contemplate that the mother must come to Florida [responding state] to enforce the support claim and defend against all other equitable and family matters."

Suffice it to say that we believe for the courts of the responding states to become involved in matters of custody and visitation in proceeding under URESA would create more problems than it solves, and is foreign to that portion of the act which provides, "Participation in any proceeding under this Chapter does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding." G.S. 52A-22.

For the reasons stated the order appealed from is reversed and the cause is remanded to the district court for a hearing upon the State's motion filed 9 October 1975.

Reversed and remanded.

Chief Judge BROCK and Judge PARKER concur.