347 So.2d 1099 (1977)
Mary GROSSE, Appellant,
v.
William Henry GROSSE, Appellee.
No. 76-1855.
District Court of Appeal of Florida, Second District.
July 15, 1977.
Quillian S. Yancey, State Atty. and Kelley W. Collier, Asst. State Atty., Bartow, for appellant.
C. Ray McDaniel of McDaniel & Smith, Lake Alfred, for appellee.
SCHEB, Judge.
This is an appeal by a divorced wife from an order of the trial court suspending support payments secured by the wife from her former husband under the Uniform Reciprocal Enforcement of Support Act, Chapter 88, Florida Statutes (1975).
The question here presented is: Can the trial judge condition support under the Uniform Support Act on the mother permitting her child who resides with her in another state to visit his father in this state? The trial court answered the question affirmatively. We disagree and reverse.
Appellant Mary Grosse and appellee William Henry Grosse were divorced in Texas in 1967. Mrs. Grosse was awarded custody of their then three-year-old son, Eric, and Mr. Grosse was ordered to pay $40 per week child support. In 1976 Mrs. Grosse brought an action under the Uniform Reciprocal Enforcement of Support Act and obtained an order from the trial court here in Florida requiring Mr. Grosse (now a Florida resident) to pay $21 support on the first and fifteenth of each month. Payment, however, was conditioned upon Mrs. Grosse permitting their now twelve-year-old son, who resides with her in Texas, to visit with his father here in Florida.
Although Mrs. Grosse recognizes her former husband's right to visit Eric in Texas, she complains that he is not sufficiently mature to travel from Texas to Florida to visit his father whom he has not seen for many years.
In October 1976, the trial court granted the father's motion to suspend child support payments until Mrs. Grosse complies with the visitation provision of the court's previous order of support. This appeal by the mother ensued.
We think the trial court erred. The law under which Mr. Grosse proceeded focuses on only one aspect of domestic relations  support. The purpose of the Act, as stated in Section 88.021, Florida Statutes (1975), is to "extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." It is a reciprocal law which has now been adopted by all fifty states, the District of Columbia, and several territories.
In Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975), a mother in Pennsylvania *1100 initiated proceedings under the Uniform Reciprocal Enforcement of Support Act to compel the father in Florida to support his children. The circuit court in Florida entered a judgment requiring the father to pay $50 per month child support. Subsequently the father sought to terminate the payments because the mother refused to allow him visitation privileges with the children. The trial court ordered payments terminated. On appeal by the mother the Fourth District Court of Appeal reversed, stating:
A reading of the whole Support Law indicates that it furnishes a uniform, informal and rather speedy remedy, reciprocally, whereby the duties of support may be enforced. See particularly Fla. Stat. §§ 88.021, 88.201 and 88.271 (1973). The only subject matter covered in the Support Law is the duty of support. Nowhere is mentioned child custody or child visitation or any other item subject to adjudication as are commonly found in domestic relations cases.
Thus, it is our view that the trial court erred when it enlarged its jurisdiction to adjudicate and enforce child visitation rights as we hold that the only matter susceptible of adjudication was that of the duty of support. 313 So.2d at 62 (citations omitted) (emphasis by the court).
We agree with our sister court. In fairness to the trial judge we note that it does not appear he had the benefit of the Vecellio opinion when he entered his original order of support nor his order of suspension of same.
Accordingly, the order appealed from is vacated and the case is remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and McNULTY, J., concur.