20725

Merilee Dawn HOOVER, Appellant, v. Herbert Lynwood HOOVER, Jr., Respondent.

(246 S. E. (2d) 179)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Raymond G. Halford, Asst. Atty. Gen. W. Joseph Isaacs,* and *Staff Atty. Russell D. Ghent,* Columbia, *for appellant.*

*Jacob H. Jennings* of *Jennings & Jennings,* Bishopville, *for respondent.*

July 24, 1978.

GREGORY, Justice:

Appellant Merilee Dawn Hoover brought this action under the provisions of the Uniform Reciprocal Enforcement of Support Act [URESA], Section 20-7-110, *et seq.,* 1976 Code of Laws of South Carolina against respondent Herbert Lynwood Hoover, Jr. for support for herself and the parties' two infant children. The lower court found that Mr. Hoover owed a duty of support to his children but conditioned that duty on Mrs. Hoover permitting the children, who reside with her in Michigan, to visit Mr. Hoover in South Carolina.

The issue on appeal is whether the lower court had jurisdiction under URESA to impose the visitation condition on Mr. Hoover's duty of support. We hold the lower court was without jurisdiction to adjudicate visitation.

Mr. and Mrs. Hoover were married in South Carolina on December 15, 1972. In July 1975 Mrs. Hoover left Mr. Hoover and traveled to Michigan taking with her the then only child of the marriage. Mrs. Hoover subsequently returned to South Carolina in July 1975. In October 1975 Mrs. Hoover again left Mr. Hoover and traveled to Michigan. Mrs. Hoover took with her the couple's only child and was pregnant with the second child. Thereafter Mrs. Hoover initiated an action in Michigan under the provisions of URESA for her support and the support of the two children.

Pursuant to the support proceedings in the initiating state of Michigan a petition was brought in South Carolina in the Lee County Court of Common Pleas to determine the liability of Mr. Hoover for the support of his wife and two children. The matter was referred to the Lee County Master whose report is not reproduced in the transcript of record. By order dated February 14, 1977 the circuit court found that Mr. Hoover owed a duty of support to his children and ordered him to pay support in the amount of one hundred dollars per month per child beginning March 1977. This support obligation was conditioned as follows:

It is further ORDERED that the petitioner, Merilee Dawn Hoover, is to allow the respondent to have custody of said children three weeks during the summer for a period between June 15 and July 31 each year, upon written request to her stating the time of the visitation . . .

It is further ORDERED that the said Herbert Lynwood Hoover, Jr., respondent, shall have the right to have the children visit one week before or after Christmas of each year . . .

It is further ORDERED that in the event the petitioner refuses to allow said children to visit the respondent, as above stated, that the respondent shall be immediately relieved of all obligation to make further child support payments until said visitation rights are allowed.

The circuit court did not require Mr. Hoover to support Mrs. Hoover.

Neither party appealed this order.

By order dated September 16, 1977, the Family Court of the Third Judicial Circuit[1] found Mr. Hoover in contempt of court for failing to pay support from March 1977 through June 15, 1977. The family court did not hold Mr. Hoover in contempt of court for failing to pay support after June 15, 1977 because Mrs. Hoover had refused to allow the children to visit with Mr. Hoover in South Carolina after that date.

Mrs. Hoover then moved to have the visitation condition stricken from the order of February 14, 1977 for lack of subject matter jurisdiction. That motion was denied. This appeal by Mrs. Hoover followed.

The question we are called upon to decide is whether a court of this State has subject matter jurisdiction over the issue of visitation when it sits as a "court" of the "responding state" as those terms are used in Section 30-7-130(3) and (4), 1976 Code.

Although this question was not raised in the circuit court or by timely appeal from the circuit court's order of February 14, 1977, since the acts of a court with respect to a matter over which it has no jurisdiction are void, lack of subject matter jurisdiction can be raised at any time. *State v. Funderburk,* 259 S. C. 256, 191 S. E. (2d) 520 (1972).

The Uniform Reciprocal Enforcement of Support Act was drafted and approved by the National Conference of Commissioners on Uniform State Laws in 1950. It was amended in 1952 and 1958 and was revised in 1968. URESA was adopted by South Carolina in 1954 and was amended by the General Assembly in 1968 and 1972. It presently is in force

---

[1] Act No. 690 of the 1976 Acts of the General Assembly transferred exclusive jurisdiction over all URESA actions to the family courts, effective July 1, 1977.

in one form or another in all fifty states, the District of Columbia, Guam, Puerto Rico, and the Virgin Islands.

The purpose of URESA is "to improve and extend by reciprocal legislation the enforcement of *duties of support* and to make uniform the law with respect thereto." Section 20-7-120, 1976 Code (emphasis added). The only subject covered by URESA is the duty of support, and Section 20-7-160 expressly provides that participation in a URESA proceeding "shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding." See: *Grosse v. Grosse,* Fla. App., 347 So. (2d) 1099 (1977). *Register v. Kandlbinder,* 134 Ga. App. 754, 216 S. E. (2d) 647 (1975).

In *Pifer v. Pifer,* 31 N. C. App. 486, 229 S. E. (2d) 700 (1976), the Court of Appeals of North Carolina considered a situation where the plaintiff wife initiated a URESA proceeding in Florida against her former husband, a resident of North Carolina. The Pifers were divorced in Florida and Mrs. Pifer was awarded custody of the children. Mr. Pifer was ordered by the Florida divorce decree to pay child support and was given reasonable visitation rights within Florida. He subsequently moved to North Carolina where the petition for support was transmitted. The North Carolina court, sitting as the court of the responding state, found that Mr. Pifer owed a duty of support to his children, but conditioned that duty on Mr. Pifer's right to visit with the children in North Carolina. The Court of Appeals of North Carolina reversed, stating:

. . . This duty of support is the only subject matter covered by URESA. Nothing in the act allows the adjudication of child custody or visitation privileges or other matters commonly determined in domestic relation cases.

In the present case it is our opinion that Judge Cline in the responding state of North Carolina had jurisdiction only to determine whether the defendant owed a duty of support to his children in the initiating state of Florida, and to enter

an order requiring the defendant to furnish such support. Judge Cline had no jurisdiction whatsoever to condition the support payments upon certain visitation privileges for the defendant with his children in the responding or initiating state. 229 S. E. (2d) at 703.

The holding in *Pifer* is representative of similar holdings in Georgia and Florida. See: *Register v. Kandlbinder, supra; Thibadeau v. Thibadeau,* 133 Ga. App. 154, 210 S. E. (2d) 340 (1974) (URESA jurisdiction does not extend to a counter claim for divorce) ; *Grosse v. Grosse, supra; Vecellio v. Vecellio,* Fla. App., 313 So. (2d) 61 (1975). See also: 42 A. L. R. (2d) 768.

The only authority cited by Mr. Hoover in support of the jurisdiction of a court of the responding state over visitation is *Chandler v. Chandler,* 109 N. H. 477, 256 A. (2d) 157 (1969). In *Chandler,* however, the court did no more than recognize the parties' voluntary agreement that support be reduced from $160 per month to $80 per month "until such time as the parties may agree to reasonable rights of visitation[s]." The holding in *Chandler* is inapposite to this case.

In accord with the directive of section 20-7-470, 1976 Code, that the provisions of URESA "be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it," we follow the courts of our sister states and hold that in a URESA proceeding a court of the responding state has no subject matter jurisdiction to adjudicate matters of visitation. Thus, the circuit court was without subject matter jurisdiction to condition its order of February 14, 1977 on Mr. Hoover's right to visitation.

The circuit court clearly had jurisdiction over the subject of support, however, and the portions of the order finding Mr. Hoover owes a duty of support to his children and ordering him to pay one hundred dollars per month per child are the law of the case.

Accordingly, the order of the circuit court is reversed in part and the case remanded to the Family Court of the Third Judicial Circuit for further proceedings consistent with this opinion.

Reversed in part and remanded.

LITTLEJOHN, NESS and RHODES, JJ., concur.

LEWIS, C. J., concurs in result.

LEWIS, Chief Justice (concurring):

Since the duty of support, sought to be enforced in this case, involves solely support of children, I concur in the result. The holding in this case should be limited to the present facts and not construed as a determination that a court is without jurisdiction to withhold alimony payments to a wife who, without just cause, refuses to permit reasonable visitation rights with the children.