376 So.2d 432 (1979)
Patricia L. LELAND, Appellant,
v.
Ralph William FRICKE, Appellee.
No. LL-198.
District Court of Appeal of Florida, First District.
October 26, 1979.
Jim Smith, Atty. Gen., and Martin S. Friedman, Asst. Atty. Gen., for appellant.
No appearance by appellee.
LARRY G. SMITH, Judge.
By this appeal, the mother seeks review of an order denying a petition for child support. We agree the trial court erred and reverse.
The parties were divorced in Duval County in 1976. Shortly thereafter, the mother remarried and moved with the parties two children to Guam where her new husband was stationed. Subsequently, the wife initiated proceedings under the Uniform Reciprocal Enforcement of Support Act (URESA), Chapter 88, Florida Statutes, seeking support from the father, who was still residing *433 in Duval County. At the hearing before the Duval County Circuit Court, the father claimed he was being denied visitation. The trial judge deferred ruling on the petition for support suggesting that the father file a petition for modification of the final judgment of dissolution. Thereafter, the father filed a petition for modification in the URESA proceeding seeking visitation rights with the children. (The petition bears the case number of the URESA action and the certificate of service states that a copy was sent to the mother and the State Attorney in Duval County handling the URESA action.)
Approximately one month after the father filed his petition, the court entered an order granting the father's petition for modification conferring on him visitation rights at all reasonable times and places and stating that his requirement to pay child support was suspended until the mother accorded him the right to visit with and be visited by the children and until he was actually permitted by his former wife to visit and be visited by the children. We note that the order suspends support payments even though the husband did not request such relief in his petition. At the same time, the court entered an order denying the petition for child support attaching to that order and incorporating therein, the order granting the petition for modification. This appeal by the mother ensued.
Florida law is clear that in a URESA proceeding the only matter susceptible to adjudication is the duty of support. Davis v. Davis, 376 So.2d 430 (Fla. 1st DCA 1979); Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975); Grosse v. Grosse, 347 So.2d 1099 (Fla. 2nd DCA 1977). Therefore, we hold the trial court erred in determining the husband's visitation rights in the URESA proceeding and hinging the duty of support on the father being allowed to visit his children.
Although the order granting the father's petition for modification bears the case number of the dissolution action and was presumably made a part of the case file in the dissolution action, we find that for all intents and purposes the two proceedings were combined which was clearly error under established Florida case law. Therefore both orders must be vacated.
In so holding, we render no opinion as to whether under the factual circumstances of this case, the father's petition for modification, if properly filed in the dissolution proceeding and made a separate action from the URESA proceeding, giving the wife proper notice of the issues to be tried and an opportunity to be heard, states grounds for relief. We merely observe that this record indicates that the final judgment of dissolution did not prohibit the mother from removing the children from Florida nor did it address the father's visitation rights. Concomitantly, we observe that this record does not indicate any flagrant violation of visitation rights set forth in any court order. Hardy v. Hardy, 118 So.2d 106 (Fla. 1st DCA 1960); Ernst v. Ernst, 214 Cal. App.2d 174, 29 Cal. Rptr. 478 (1963).
Accordingly, the order granting the petition for modification and the order denying the petition for support are vacated and declared null and void and this cause is remanded for proceedings consistent with this opinion.
MILLS, C.J., and ERVIN, J., concur.