376 So.2d 430 (1979)
Florence Judy Ann DAVIS, Appellant,
v.
Michael Wayne DAVIS, Appellee.
No. LL-61.
District Court of Appeal of Florida, First District.
October 26, 1979.
*431 Jim Smith, Atty. Gen., Janet E. Ferris, Asst. Atty. Gen., Tallahassee, for appellant.
No appearance by appellee.
LARRY G. SMITH, Judge.
The mother appeals an order suspending support payments for the parties two girls contending that the trial court was without jurisdiction to condition its enforcement of a child support order upon visitation rights being extended to the father in a proceeding brought under the Uniform Reciprocal Enforcement of Support Act (URESA), Chapter 88, Florida Statutes. We agree and reverse.
The mother, who resides with the children in North Carolina, filed in the District Court of North Carolina a petition under URESA seeking support. Attached to the petition is a copy of the parties' Georgia divorce decree which grants custody of the two minor children to the mother but which does not mention either visitation or a duty of support. However, also attached to the petition is a North Carolina order determining that the father owes a duty of support to the children. Thereafter, the Duval County Circuit Court ordered the father, a resident of that County, to pay support of $15.00 per week through the domestic relations depository.
Upon application of the father to be relieved of making support payments because the mother refused him visitation rights except in her home or her mother's home, the trial court entered an order suspending disbursement of support payments and directing that "upon the petitioner agreeing that the children may visit with the respondent away from her home and so advising the court in writing to be filed in this action, and also advising in writing that respondent will in nowise be interferred with by legal process or otherwise in making such visitation, the court will order the disbursement of the accumulated deposits". The order states that if the mother refuses reasonable visitation as outlined, support payments will be suspended and the accumulated deposits returned to the father. A further hearing was held after which the court entered an order finding that visitation had been made difficult for the father by the mother and directing that an agreement of visitation be signed by both parties or the court would enter an order suspending support payments. Subsequently, the court entered an order suspending support payments on the grounds that the mother had failed to allow overnight visitation as requested by the court. The order also directs the depository to return all monies held to the father.
In Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975), a Pennsylvania mother who had received support from a Florida father under URESA was subsequently denied that support because she refused visitation privileges. On appeal, the order terminating support payments was reversed by the Fourth District Court of Appeal. We quote with approval the following reasoning by our Sister Court:
"A reading of the whole Support Law indicates that it furnishes a uniform, informal and rather speedy remedy, reciprocally, whereby the duties of support may be enforced. See particularly Fla. Stat. §§ 88.021, 88.201 and 88.271 (1973). *432 The only subject matter covered in the Support Law is the duty of support. Nowhere is mentioned child custody or child visitation or any other item subject to adjudication as are commonly found in domestic relations cases.
"Thus, it is our view that the trial court erred when it enlarged its jurisdiction to adjudicate and enforce child visitation rights as we hold that the only matter susceptible of adjudication was that of the duty of support." (citations omitted) (313 So.2d at page 62)
Accord, Grosse v. Grosse, 347 So.2d 1099 (Fla. 2nd DCA 1977).
Accordingly, the order appealed is reversed and the cause remanded for further proceedings consistent with this opinion.
MILLS, C.J., and ERVIN, J., concur.