UPCHURCH, Judge.
The state of Florida appeals from an order determining child support and visitation rights under the Uniform Reciprocal Enforcement of Support Act (URESA). We reverse because the trial court had no authority under URESA to determine visitation rights and to condition payment of support on visitation.
The parties in this case were divorced in Ohio in 1982. The wife was awarded custody of the parties’ two minor children and the husband was ordered to pay $50.00 per week as child support. In 1984, the wife filed a petition for support in Ohio. The Ohio court found that the husband owed a duty of support, that $60 per week was necessary and that the husband was in arrears in support payments. The court further found that the husband was residing in Florida and sent a copy of the petition to the Florida circuit court.
The husband was served in Florida and filed an answer to the wife’s petition. The husband requested that if the court determine support, then it should also provide for enforceable visitation rights. The husband alleged that the wife had kidnapped the parties’ children in 1982 and had fled to Ohio for the purpose of securing a divorce and depriving him of his parental rights.
The court below entered an order determining support and visitation rights. In its order, the court required the husband to pay support but impounded the funds until the wife permitted the husband to visit the children. On behalf of the wife, the state contends that the court erred in impounding the support and in determining specific visitation rights. We agree.
*767 The purpose of the Revised Uniform Reciprocal Enforcement of Support Act (URE-SA), chapter 88, Florida Statutes (1985), is to “improve and extend by reciprocal legislation the enforcement of duties of support.” § 88.021, Fla.Stat. (1985). The Florida courts have held that, under URE-SA, the court may address only matters of support and may not consider issues pertaining to visitation. Jones v. Jones, 471 So.2d 1363 (Fla. 3d DCA 1985); State ex rel. Rock v. Rock, 429 So.2d 1351 (Fla. 2d DCA 1983); Fla. Dept. of H.R.S. o/b/o Ciferni v. Ciferni, 429 So.2d 92 (Fla. 2d DCA 1983); Carroll v. Carroll, 415 So.2d 102 (Fla.3d DCA 1982); Leland v. Fricke, 376 So.2d 432 (Fla. 1st DCA 1979); Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975). Furthermore, the court may not condition the payment of support upon the granting of visitation. See Newbold v. Newbold, 472 So.2d 543 (Fla. 3d DCA 1985); Jones; Rock; Ciferni; Carroll; Leland; Vecellio. Accordingly, the order below is reversed and the cause remanded with directions to the trial court to enter an order requiring support payments be made to the clerk of the court without reference to visitation.
REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.