## GOVERNMENT OF THE VIRGIN ISLANDS ex rel. BARBARA EICOFF, Relator

### v.

### ALAN MICHAEL EICOFF, Respondent

Family No. S5/1986

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 4, 1987

HONORABLE GODFREY DECASTRO, Attorney General of the Virgin Islands, by: DIANE MARTIN POMPER, ESQ., Assistant Attorney General (Government of the Virgin Islands Department of Justice), St. Thomas, V.I., *for relator*

ALAN MICHAEL EICOFF, St. Thomas, V.I., *respondent, pro se*

MEYERS, *Judge*

### MEMORANDUM OPINION

Alan Eicoff ("Respondent") has moved the Court to dismiss this action for support which was instituted by the Government of the Virgin Islands ("Government") on behalf of Barbara Eicoff ("Relator"), pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act ("URESA"), 16 V.I.C. § 391 et seq.

The Government has opposed respondent's motion. Because this Court finds that respondent has a duty to support his daughter, the motion will be denied.

## FACTS

On November 8, 1982, the respondent and the relator were divorced by the Superior Court of Cobb County, State of Georgia. Subsequent to their divorce, the parties entered into a settlement agreement, which was incorporated into the original decree of divorce on October 5, 1983, and which granted the respondent legal custody of his daughter, Renni Eicoff. At the time that the parties entered in the settlement agreement, Renni expressed the desire to live with the respondent. Relator was granted legal custody of the parties' son, Mitchell Eicoff but his support is not at issue in this action. The child support provision of the settlement agreement provided the following:

*Child Support*:

The Plaintiff [Respondent] shall be solely responsible for the support of the minor child, RENNI SUZANNE. The Plaintiff [Respondent] will pay to the Defendant [Relator] the sum of Six Thousand Four Hundred ($6,400.00) Dollars for the support of the child, Mitchell, which sum is computed as of October 1, 1983 until his eighteenth (18th) birthday and is computed at the rate and amount as was agreed in the original decree of divorce for child support.

Respondent subsequently remarried and around the end of 1983 relocated to St. Thomas, Virgin Islands. Renni lived with him in St. Thomas from the time of his relocation until June of 1984 when she returned to Georgia to live with her mother. On October 24, 1984, the relator was granted Letters of Temporary Guardianship (Person Only) of Renni in Cobb County, Georgia. Renni has continued to reside with her mother from June 1984, to the present. Since February of 1985, respondent has not supported Renni.

## DISCUSSION

Respondent advances several arguments in support of his motion for dismissal: (1) that since the relator has neither legal custody nor custody by consent, she is not entitled to relief under the URESA; (2) that he is prepared to continue to provide the necessary support for Renni, but in the meantime, since relator has temporary

guardianship of Renni, she should be responsible for her support; and (3) that under the Georgia version of the URESA, no support action arises unless there is a need for support. Respondent contends that the Relator has sufficient funds to support Renni and that Renni is capable of working part-time to aid in her own support.

■ Respondent has cited a myriad of Georgia cases in support of his various arguments. His reliance on Georgia laws, however, is misplaced. Since the Virgin Islands is the responding state, Virgin Islands law governs this action. The Georgia URESA is not controlling on the issue of whether a support action arises. Title 16 V.I.C. § 411, the Virgin Islands version of the URESA, provides that:

§ 411. Choice of Law

Duties of support applicable under this subchapter are those imposed or imposable under the laws of any State where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding State during the period for which support is sought until otherwise shown.

The United States Court of Appeals for the Third Circuit has held that, within the meaning of § 411, the "duty of support imposed by a court order, a decree or judgment becomes a duty imposed by the laws of the Virgin Islands." Lorillard v. Lorillard, 5 V.I. 483, 489; 358 F.2d 172 (3d Cir. 1966). This Court will, therefore, summarily dispose of respondent's last argument.

■ Respondent's first and second arguments will be addressed collectively. The Government has argued, and the Court agrees, that the Virgin Islands URESA is limited to the issue of support. Specifically, 16 V.I.C. § 393 provides that, "[t]he remedies provided in this subchapter are in addition to and not in substitution for any other remedies." Additionally, § 429 makes it clear that "[p]articipation in any proceeding under this subchapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding." If respondent has a custody issue which he would like addressed, his recourse is to institute an action under the Uniform Child Custody Jurisdiction Act, 16 V.I.C. § 115 et seq., or by contempt proceedings to enforce the Georgia divorce decree.

Respondent's defensive arguments about custody of Renni should not be entertained in the instant action.[1]

In the case of Kramer v. Kelly, 401 A.2d 799 (Pa. Super. 1979), the appellant-father filed contempt proceedings against the appellee-mother for removal of the parties' minor child in violation of a previous court order. The appellee, in response, filed a cross-petition to hold appellant in contempt for nonsupport of the child. Appellant objected to the cross-petition on the grounds that since appellee was in contempt of the court's order, she was not entitled to relief. Even though the court found appellee to be in contempt, it went on further to impose a duty of support on appellant. The court held that,

> It is an accepted principle that the misconduct of the mother does not affect a father's duty to support his child. Indeed, this duty is well nigh absolute and the support order must ordinarily be complied with even if the actions of the wife place her in contempt of court.

Id. at 803. See also, Todd v. Pochop, 365 N.W.2d 559 (S.D. 1985) (interference with a noncustodial parent's visitation rights may not be raised as a defense in a URESA action); State of Wisconsin ex rel. Southwell v. Chamberland, 349 N.W.2d 309 (Miss. App. 1984) (misconduct of a mother does not affect a father's duty to support his child); Schmidt v. Schmidt, 459 A.2d 421 (Pa. Super. 1983) (duty to support does not depend upon a right of visitation).

Similarly, in State of Louisiana ex rel. Eaton v. Leis, 354 N.W.2d 209 (Wis. App. 1984), the court held that a Wisconsin resident with legal, but not physical, custody of a child may be required to pay child support to the other parent residing in another state with the child. In that case, the father, through a divorce decree, was granted legal and physical custody of the parties' minor children. The mother subsequently obtained physical custody of the children in violation of a court order and filed an action for support. In granting support to the mother, the court reasoned that,

---

[1] For further discussion see, for example, Kansas States Department of Social and Rehabilitation Services v. Henderson, 620 P.2d 60 (Colo. App. 1980); State ex rel. Hubbard v. Hubbard, 329 N.W.2d 202 (Wisc. 1983); Leland v. Fricke, 376 So. 2d 432 (Fla. App. 1979); Application of Meyers, 219 N.Y.S.2d 63 (1961).

A child should not be punished for its parent's misconduct. Even children "stolen" by a non-custodial parent need food, clothing and shelter. A parent with ability to provide support should be required to do so. Parents may litigate custody matters when they choose, but children's need for support is immediate.

Id. at 213.

This Court finds the rationale of Kramer and Eaton to be persuasive. Irrespective of whether Renni was kept in Georgia against respondent's wishes or whether Renni simply chose not to return to live with respondent, she is still in need of support. Title 16 V.I.C. § 342(a)(3) clearly establishes the obligation of parents to support their children. See also, Leonard v. Leonard, 18 V.I. 248 (Terr. Ct. 1982); Towers v. Towers, 16 V.I. 209 (Terr. Ct. 1979); Lorillard v. Lorillard, supra. Moreover, the separation agreement entered into by the parties states that respondent would be "solely" responsible for Renni's support. No limitations or exclusions were attached to this responsibility, and the reasonable interpretation is that respondent would be responsible for Renni's support regardless of where she was physically residing.

## CONCLUSION

Respondent has a duty to support Renni even if she is living with her mother in contravention of the divorce decree. The issue of her custody, while it may be entertained pursuant to the Uniform Child Custody Act, 16 V.I.C. § 115 et seq., is not a defense to a duty to support his daughter.

## ORDER

The Court having rendered its memorandum opinion of even date and being satisfied in the premises, it is

ORDERED that Defendant's motion to dismiss be and the same is hereby DENIED; and it is further

ORDERED that this matter be and is hereby scheduled for a hearing in the Family Division on Wednesday, December 2, 1987, at 9:00 a.m.; and it is further

ORDERED that the Respondent submit a current financial statement to the Clerk's Office, Family Division, on or before November 25, 1987.