605 So.2d 1335 (1992)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES on Behalf of Charlene NEWHALL, Appellant,
v.
Chris SMITH, Appellee.
No. 92-201.
District Court of Appeal of Florida, Fifth District.
October 16, 1992.
*1336 Amanda Traweek of Carlton & Carlton, P.A., Lakeland, and Marcia Lippincott, Orlando, for appellant.
No appearance for appellee.
DIAMANTIS, Judge.
Appellant Department of Health and Rehabilitative Services (HRS) appeals the trial court's order which declines to enforce appellee/father's child support obligation, eliminates the father's obligation to pay past due child support, and terminates the father's obligation to pay future support. We reverse the trial court's order and remand this matter for further proceedings.
In 1989 appellee was adjudicated to be the father of a dependent child and, pursuant to URESA, ordered to pay $108 per month in child support. See, generally, Chapter 88, Florida Statutes (1991). In 1991 HRS moved the trial court to enforce the father's obligation by contempt proceedings, alleging that the father was in arrears in support payments. At the hearing the trial court found that the father had not seen his child for over a year and that despite his requests to locate his child neither the officials of the rendering state (New York) nor the initiating state (Florida) would inform him where his child was residing. For these reasons, the trial court entered an order in which it ruled that the father was not in contempt of court. The trial court then sua sponte eliminated the father's obligation to pay child support between the date of the contempt hearing and the date that HRS files a pleading that sets forth the address, physical location, and telephone number of the mother and child.[1]
We conclude that the trial court erred in modifying the support order because the father failed to file an appropriate pleading invoking the court's subject matter jurisdiction and failed to provide HRS with proper notice that the support order might be modified. Specifically, the father did not file any affirmative defense regarding denial of visitation nor did he file any pleading requesting an elimination of past due child support payments. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); In Interest of D.F.W., 497 So.2d 925 (Fla. 5th DCA 1986). Notice that arrears would be considered did not place HRS on notice that the child support order might be modified. Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982).
Moreover, in URESA cases section 88.271 of the Florida Statutes (1991) expressly forbids use of denial of visitation rights as a defense in child support enforcement actions. Section 88.271 provides, in pertinent part:
The determination or enforcement of a duty of support owed to one petitioner is unaffected by any interference by another petitioner with rights of custody or visitation granted by a court.[2] [Footnote added].
Because of this statutory provision, payment of child support cannot be conditioned upon allowing visitation. See Department of Health and Rehabilitative Services v. Ciferni, 429 So.2d 92 (Fla. 2d DCA 1983); Davis v. Davis, 376 So.2d 430 (Fla. 1st DCA 1979); Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975). Additionally, in D.F.W., supra, this court specifically held that the right of a child to receive support cannot be barred because of the mother's actions regarding visitation nor can such right be bargained away in exchange for the father's visitation rights.
In the instant case, the record reflects that no order of visitation has been entered. The record only contains an order *1337 requiring the support to be paid. If the father desires visitation, he may petition the appropriate court to adjudicate his right of visitation and have the matter heard after due notice.[3] If the court establishes specific visitation as to time, place, and circumstances, any interference by the mother with such visitation could be specifically enforced against her by utilization of the court's contempt power. See D.F.W., supra.
Accordingly, we vacate the trial court's order and remand this cause to the trial court with directions to enforce the father's obligation of support pursuant to applicable case law[4] and URESA.
REVERSED and REMANDED.
W. SHARP, J., concurs.
GOSHORN, C.J., dissents with opinion.
GOSHORN, Chief Judge, dissenting.
I respectfully dissent. This action does not involve a mother seeking to enforce a child support obligation. Rather, the real party in interest is the commissioner of social services of the State of New York seeking reimbursement for public assistance provided by it to the mother.
In accordance with the appellee's testimony, the trial judge found that the appellee had been unable to locate his child and that both the State of Florida, as the receiving state under the Uniform Reciprocal Enforcement of Support Act (URESA),[1] and the State of New York, as the sending state and the real party in interest, had refused to disclose the location of the child. Under these facts, I would hold that the trial judge had inherent authority to suspend the appellee's payments to the State of New York pending its disclosure of the location of his child, absent a showing of good cause for the refusal to disclose.
The problem of one parent concealing the location of a child from another parent has grown to national proportions. The government should be part of the solution and not add to the problem by lending its authority to compound the difficulties of a parent seeking to locate a missing child.
NOTES
[1] HRS subsequently complied by filing the requisite pleading and this court relinquished jurisdiction to the trial court to reinstate child support.
[2] Since October 1, 1986 sections 61.13(4)(a) and (b) contain comparable language with respect to Florida cases.
[3] The father now has the residence address of the mother; however, even if he did not have the address, he could, after he filed his petition for visitation, obtain the address by utilizing discovery procedures directed to the appropriate state agency involved in the URESA proceedings.
[4] See State Dept. of Health and Rehabilitative Services v. Canady, 473 So.2d 273 (Fla. 2d DCA 1985); Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA 1983).
[1] Chapter 88, Florida Statutes (1991).