VANBUREN COUNTY DEPARTMENT OF SOCIAL SERVICES, by DONNA J. CURTIS, o/b/o SHIRLEY ANN SWEARENGIN, Plaintiff v. STEVE EDWARD SWEARENGIN, Defendant

No. 9420DC423

(Filed 21 March 1995)

**Parent and Child § 80 (NCI4th)— child support conditioned upon compliance with visitation order—no jurisdiction of trial court to order**

The provision of the trial court's order which conditioned child support payments under a Florida order on plaintiff's compliance with visitation rights was null and void for lack of subject matter jurisdiction, since the duty of support is the only subject matter covered by URESA.

**Am Jur 2d, Desertion and Nonsupport § 128.**

**Withholding visitation rights for failure to make alimony or support payments. 65 ALR4th 1155.**

Appeal by plaintiff from order entered 24 September 1993 by Judge Donald R. Huffman in Anson County District Court. Heard in the Court of Appeals 2 February 1995.

Shirley Ann Swearengin and defendant were divorced in Florida on 24 May 1979. The Florida divorce decree incorporated the parties' settlement agreement, which awarded custody of the parties' minor child to plaintiff, set forth defendant's visitation rights, and ordered

defendant to pay plaintiff child support of $25.00 per week. Subsequently, defendant moved to North Carolina.

From 1984 to present, plaintiff has sought, in three separate actions, to enforce the Florida child support order in North Carolina pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA). In the first action, Chief District Court Judge Donald R. Huffman, by order entered 28 June 1984, concluded that defendant has the duty to provide for the support of his minor child, that defendant has the right to have reasonable visitation with his minor child, and that plaintiff has an obligation to comply with a reasonable visitation schedule. Judge Huffman ordered respondent to pay $30.00 per week child support and $10.00 a week in arrears to the Office of the Clerk of Superior Court of Anson County beginning 29 June 1984. He further ordered that defendant be given visitation with his minor child for certain periods set forth in the 28 June 1984 order, directed the Clerk of Superior Court of Anson County to hold defendant's child support payments until the court advises the Clerk that plaintiff has complied with the court's order regarding visitation, and directed the Clerk to withhold all future child support payments from disbursement so long as the visitation schedule is not honored by plaintiff.

In the second action, instituted in March 1986, plaintiff again sought support for the parties' minor child and to recover arrears. Defendant answered, alleging that the petition should be dismissed for plaintiff's failure to allow visitation as previously ordered on 28 June 1984. By order entered 22 September 1986, Judge Huffman allowed defendant's motion to dismiss on the ground that plaintiff, by not allowing visitation as previously ordered by the court, had unclean hands. Judge Huffman also terminated defendant's obligation to pay child support until such time as plaintiff complies with previous orders of the court regarding visitation.

The third action, which is the subject of this appeal, was instituted on 30 September 1992 by the filing of a Notice of Registration of Foreign Support Order. The Anson County Child Support Enforcement Office sought to enforce the Florida decree by implementing wage witholding pursuant to N.C. Gen. Stat. § 110-136.3 *et. seq.* (1991). On 1 December 1992, defendant answered, alleging the previous actions as *res judicata*. Plaintiff then filed motions pursuant to Rule 56(a) for summary judgment and pursuant to Rule 60(b) to amend the order entered 28 June 1984 by setting aside the require-

VANBUREN COUNTY DSS ex rel. SWEARENGIN v. SWEARENGIN

[118 N.C. App. 324 (1995)]

ment that child support funds be held in escrow and paid on the basis of compliance with visitation. N.C. Gen. Stat. § 1A-1, Rules 56(a) and 60(b) (1990). Plaintiff alleged that the latter requirement is void as a matter of law and should thus be stricken. Defendant responded by moving to dismiss plaintiff's motions and moving for summary judgment. On 24 September 1993, Judge Huffman denied plaintiff's motions and granted defendant's motion to dismiss on grounds of *res judicata.* From this order, plaintiff appeals.

> *Attorney General Michael F. Easley, by Assistant Attorney General T. Byron Smith and Associate Attorney General Elizabeth J. Weese, for plaintiff-appellant.*

> *Henry T. Drake for defendant-appellee.*

WALKER, Judge.

Plaintiff argues that a trial court only has jurisdiction to enforce defendant's obligation of child support and thus the provision of the 28 June 1984 order which conditions child support payments on compliance with visitation rights is null and void. For this reason, plaintiff argues the trial court abused its discretion in denying her motion to set aside that provision and erred in dismissing plaintiff's URESA action. We agree and thus reverse.

Our review of a trial court's decision on a motion for relief under Rule 60(b) is limited to determining whether the court abused its discretion. *City Finance Co. v. Boykin,* 86 N.C. App. 446, 448, 358 S.E.2d 83, 84 (1987). Rule 60(b)(4) provides that a court may relieve a party from a judgment if it is void. N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (1990). A void judgment is a nullity which may be attacked at any time. *Allred v. Tucci,* 85 N.C. App. 138, 141, 354 S.E.2d 291, 294, *cert. denied,* 320 N.C. 166, 358 S.E.2d 47 (1987). If a court has no jurisdiction over the subject matter, the judgment is void. *Pifer v. Pifer,* 31 N.C. App. 486, 229 S.E.2d 700, 702 (1976).

The issue before us was squarely addressed in *Pifer v. Pifer,* 31 N.C. App. 486, 229 S.E.2d 700 (1976), a case with nearly identical facts. Pursuant to URESA, the plaintiff in *Pifer* enforced a Florida divorce decree which set forth defendant's obligation of child support. The Florida decree granted plaintiff custody and set forth defendant's visitation rights. The North Carolina court ordered defendant to pay child support, but also ordered that defendant shall be permitted to see his children at any reasonable time and on rea-

VANBUREN COUNTY DSS ex rel. SWEARENGIN v. SWEARENGIN

[118 N.C. App. 324 (1995)]

sonable notice and that "[u]pon the first report by defendant to this Court that he has been denied such visits, all support payments herein ordered shall immediately cease." *Pifer*, 31 N.C. App. at 486-487, 229 S.E.2d at 701-702. Subsequently, upon defendant's report that plaintiff had refused visitation, the court entered *ex parte* orders terminating defendant's obligation of support. Plaintiff appealed from the dismissal of her motion to set aside the *ex parte* orders. *Id.* at 487-88, 229 S.E.2d at 702.

This Court concluded that the duty of support is the only subject matter covered by URESA and that "[n]othing in the act allows the adjudication of child custody or visitation privileges or other matters commonly determined in domestic relation cases." *Id.* at 489, 229 S.E.2d at 703. The court's conclusion was based on N.C. Gen. Stat. § 52A-2 (1992), which provides that the purpose of URESA is "to improve and extend by reciprocal legislation the enforcement of *duties of support* and to make uniform the law with respect thereto," and N.C. Gen. Stat. § 52A-13 (1992), which provides that "[i]f the court of the responding state finds a *duty of support*, it may order the defendant to furnish support or reimbursement therefor . . . ." *Id.* (emphasis added). The court stated that "the [trial court] in the responding State of North Carolina had jurisdiction only to determine whether the defendant owed a duty of support to his children in the initiating state . . . and to enter an order requiring defendant to furnish such support." *Id.* Since the trial court which entered the prior support order had "no jurisdiction whatsoever to condition the support payments upon certain visitation privileges for the defendant," the *Pifer* court held that the subsequent *ex parte* orders were manifestly null and void and that the trial court erred in refusing to hear plaintiff's motion to set those orders aside. *Id.*

This case illustrates how a child can become the "victim" within our system which is supposed to enforce child support from a parent. The District Court of Anson County should be aware that a parent has remedies to secure visitation privileges with a child even if the child resides in another state. As the Court stated in *Pifer*, "innocent children should not be deprived of support under these circumstances." *Id.* at 490, 229 S.E.2d at 703.

Since we find this case indistinguishable from *Pifer*, we hold that the provision of the 28 June 1984 order which conditioned child support payments on plaintiff's compliance with visitation rights is null and void for lack of subject matter jurisdiction. For this reason, we

also hold that the trial court abused its discretion in denying plaintiff's Rule 60(b) motion and erred in dismissing plaintiff's action.

The case is remanded to the District Court of Anson County for enforcement of the Order of Child Support dated 27 June 1984 (84CVD31).

Reversed and remanded.

Judges EAGLES and McGEE concur.