**JOSEPH LEONARD, Plaintiff**

**v.**

**ERNESTINE LEONARD, Defendant**

Family No. D301-1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 20, 1982

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for plaintiff*

ETHEL MITCHELL, ESQ., St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

### I.

This matter is presented for a determination of whether this court has custody jurisdiction, and if not, whether it may still proceed to issue a support order. The preliminary question is one of first impression in the Virgin Islands since the enactment of the Uniform Child Custody Jurisdiction Act (UCCJA), 16 V.I.C. § 115 et seq., on January 29, 1982.

The plaintiff contends that this court lacks subject matter jurisdiction to resolve the questions of custody and child support of the two minor children of the parties on the grounds that (1) the requirements for a Virgin Islands Court to make a child custody determination under the UCCJA have not been met and (2) that the Court's lack of jurisdiction as to custody precludes any determination of the question of child support. The defendant opposes this motion, contending that plaintiff by filing the complaint for divorce and subjecting himself to the jurisdiction of this Court cannot now attack its jurisdiction on the questions of custody and support, and that even if the Court declines jurisdiction to make a custody determination, it may proceed to determine the child support question under other provisions of the Virgin Islands support law.

For the reasons which follow, the Court concludes (1) that it is without jurisdiction to make a custody determination, and (2) that the absence of custody jurisdiction does not preclude the Court from entering an order of support.

### II.

Plaintiff, a domiciliary of St. Thomas, Virgin Islands, filed this action for divorce on October 16, 1981. The defendant and the two minor children of the parties, ages 5 and 4, reside in the state of New York and except for a five-day visit by defendant in December

1980, have not been within the territory since June 1980 when the parties separated.

This action was tried on August 20, 1982, with both parties present and both of the children absent from the territory. It is undisputed that both children live with the defendant in New York. After granting the plaintiff a divorce absolute and possession of the leasehold, both sides were permitted to submit legal memoranda regarding the issues of custody and support which have been considered by the court in addressing the two issues presented.

## III.

A. *Custody*

While the UCCJA has been in effect in the Virgin Islands only since January 29, 1982, its unambiguous provisions and the considerable body of law available because of its reciprocity dictate that this Court is without jurisdiction to make a custody determination in this case. Under the UCCJA, the four possible grounds for the Territorial Court to assume jurisdiction to make a child custody determination by initial decree are as follows:

1. The Virgin Islands must be the "home state" of the child, either at the time the proceedings commenced or within six months before such commencement; or

2. A significant connection must exist between the territory, the child and at least one parent or contestant, substantial evidence concerning the child's present and future welfare must exist within the territory, and the best interests of the child must be served by assuming jurisdiction; or

3. The child must be physically present in the territory; or

4. No other state meets the foregoing criteria or another state has declined jurisdiction in favor of this territory as the most appropriate forum.

■ Since the minor children of the parties reside in the state of New York and have not been within the territory since June 1980, it is clear that the Virgin Islands is not the "home state". To the contrary, it appears that New York would meet the prerequisites of this section. While the "best interest" test is subject to a broad interpretation, none of the three aspects of this provision can be construed broad enough to bring this case within their intended reach. First, there is no "significant connection" between the children and plaintiff, the parent resident in the Virgin Islands, nor between the children and the Virgin Islands, since their presence, residence,

250

domicile, schooling, and other familial relations all exist in New York. Second, there exists no substantial evidence of the present and future care, protection, training, and personal relationships of the children within the territory because the children have not been here since June 1980 and there is no indication of their intent to reside here in the future. Third, it would certainly not be in the best interest of the children for this Court to assume jurisdiction where, as here, it is clear that New York has jurisdiction under the language of the UCCJA and it has not declined jurisdiction in favor of this forum. Thus, it must be concluded that this Court is without subject matter jurisdiction to make a custody determination in this case.

B. *Support*

■ ■ Pursuant to the provisions of Title 16 of the V.I. Code regarding Civil Liability for Support (Subchapter I) and Enforcement of Support (Subchapter III), a court of the Virgin Islands is authorized to enforce any duty of support which a parent within this jurisdiction owes to a child, whether by virtue of local law or as validly declared by a foreign court having jurisdiction. Specifically, "duty of support" includes any duty of support imposed, or imposable by law, or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial separation, separate maintenance or otherwise. 16 V.I.C. § 392(6). Furthermore, once such duty is found to exist, the Territorial Court has the discretion to determine an award of support based on the need for support by the child and the ability of the parent to contribute to such support, without regard to residence. 16 V.I.C. § 345.

■ ■ Since 16 V.I.C. § 342 requires parents to support their children until they reach the age of 18 years and the children of the parties in this case are minors, it is clear that both parties owe a duty of support to the children. Moreover, testimony submitted regarding the resources of the parties, including plaintiff's monthly expenses and income, and on the present economic status of the defendant and the minor children, establish the need for support by the children and the ability of plaintiff to contribute to their support. Consequently, this Court has no alternative but to enter an order requiring the plaintiff to make periodic contributions towards the support of his two minor children, despite its lack of jurisdiction to make a custody determination.

## IV.

For the foregoing reasons, plaintiff's motion to dismiss the custody issue will be GRANTED, but his motion to dismiss the support issue will be DENIED.