OVERSTREET, MURRAY W., Associate Judge.
In December, 1965, appellant initiated proceedings in Pennsylvania against appel-lee under the Uniform Reciprocal Enforcement of Support Law for the purpose of requiring appellee to support their two minor children. When the case (No. C66-804) came on for hearing in the Circuit Court of Broward County, Florida, the judge entered an order dated May 26, 1966 denying the petition without prejudice “for Petitioner’s failure to abide by orders of this Court entered in Action No. C61-2186 * * * ”, and this appeal ensued.
Action No. C61-2186 was a divorce suit instituted by Irene P. Hill against James A. Hill in 1961, in which the same trial judge awarded' temporary custody of the minor children to plaintiff, subject to rights of visitation by defendant, and required defendant to support plaintiff and the children. On petition for modification filed by defendant the court entered an order finding that plaintiff had removed the children from the jurisdiction of the court without order of court, ordering her to return them to the jurisdiction of the court within thirty days, and suspending support payments until their return or so long as defendant was denied visitation privileges. The children were not returned, so on October 2, 1961, the judge entered a final order striking plaintiff’s pleadings in the case and dismissing the action, thereby divesting himself of further jurisdiction.
During the interval between Case Nos. C61-2186 and C66-804, the same circuit judge, in Case No. C63^tl61, awarded James A. Hill a divorce from Irene P. Hill without determining custody or support, and in Case No. C65-1116, denied, without prejudice, a petition by Irene P. Hill against James A. Hill for support of the children:
We recognize the existence of Section 65.141, F.S.A., which makes it a felony for anyone to take or remove a child beyond the limits of the state under certain circumstances in violation of an order of court or without the permission of the court, but here we are not dealing with a criminal charge and the statute does not apply..
In the litigation between the parties, no order was ever entered restraining appellant from removing the children from the juris *348 diction of the court, but in case No. C61-2186, an order was entered requiring appellant to return the children to the state. Appellant was then in Pennsylvania and she has never returned the children to the state, and it is clear from the language (printable) used by the judge at the time he made his ruling in Case No. C66-804 that the thing which rankled him was the failure and refusal of appellant to return to Florida with the children. We can understand his feeling about the appellant, but we do not think it should have been extended to the minor children, who may be in real need of financial assistance from their father.
Therefore, the order denying appellant’s petition for relief under Chapter 88, F.S.A. is hereby reversed, and the cause is remanded to the lower court with directions to conduct a full hearing therein, and determine the rights of the parties under the provisions of said chapter.
Reversed and remanded.
CROSS and REED, JJ., concur.