MANN, Judge.
Mr. and Mrs. Cochran were divorced in Hardee County in 1968. The final judgment specified that the father could visit the children in their state of residence at any time and that he should have the right to have the children visit him for six weeks each summer. Support was fixed at $40 per week “so long as visitation rights . are complied with.”
The mother of the children failed to comply with the decree. The father properly laid the matter before the court and asked to be relieved of his support obligation until the mother complied with the court’s judgment. The court entered such an order.
This appeal grows out of the mother’s attempt to circumvent the Florida court’s order by initiating an action in Pennsylvania, her present residence, through the Uniform Reciprocal Enforcement of Support Act, Fla.Stat. ch. 88 (1969), F.S.A.; 9C U.L.A. 1 et seq. The Circuit Judge who entered the order in the divorce proceeding absolving the father of his duty to support while the mother was in contempt dismissed this proceeding, and the mother appeals.
Mrs. Cochran is subject to the continuing jurisdiction of the Florida court, which was not the case with Mrs. Hill in Hill v. Hill, Fla.App.4th 1967, 204 So.2d 346, on which the appellant relies. Here the Circuit Court expressly reserved jurisdiction to insure that its judgment would be complied with. It was not. Mrs. Cochran is in contempt of a Florida court which has jurisdiction over her case. Her remedy is simple: obey the law. The wise Circuit Judge who heard this case dismissed this proceeding because it is a patent circumvention of proper proceeding by a litigant with unclean hands. Mrs. Cochran knew from the outset that failure to comply with the visitation provision might jeopardize her right to receive support payments. The authority of the trial judge to enter the order suspending payments during contempt is clear. See Warrick v. Hender, Fla.App.4th 1967, 198 So.2d 348 and cases there cited. Fla.Stat. § 88.281 (1969), F.S.A., makes it plain that an order entered under the Reciprocal Act “shall not supersede any previous order of support issued in a divorce action . . . ”.
Florida law certainly governs the determination of duty of support in this case. Fla.Stat. § 88.081, F.S.A.[1] probably would have supported this conclusion, but it is nevertheless grounded upon the overwhelming weight of Florida’s interest in this particular situation. The divorce was-granted here, the parties were resident here, the father still resides in Florida, the father and mother are both subject to the continuing jurisdiction of a Florida court. We have no reason to consider whether the language of Clarke v. Blackburn, Fla.App.2d 1963, 151 So.2d 325, to the effect that the court must “determine the duty of support under the laws of the responding state” is too broad. There is an ambiguity in Section 88.081, because if the choice of law question is referable to “any state where the obligor was present during the period for which support is sought,” a conflict of laws might still exist, but the case before us is a clear one.[2] We regret that *294 the taxpayers of Pennsylvania, subsidized by the taxpayers of the United States, are contributing to the support of these children. However, the fault lies clearly with the mother, now Pennsylvania’s citizen. We regret any situation in which innocent children are made pawns in a struggle between stubborn parents. We can say only that a suitable forum exists for the resolution of the parents’ differences and that a petition under the Uniform Reciprocal Enforcement of Support Act — this case involves the second petition Mrs. Cochran has filed in Pennsylvania — is not the answer. The able trial judge is correct.
Affirmed.
PIERCE, C. J., and LILES, J., concur.

. “Duties of support applicable under this chapter are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.”

. See 9C U.L.A., Uniform Reciprocal Enforcement of Support Act, § 7, Commis *294 sioners’ note. We would agree with the suggestion that the intention of the act is not to create an absolute right to choose the applicable law and would extend this suggestion to encompass both parties.