375 So.2d 875 (1979)
Earl Lynn RAY, Appellant,
v.
Lillie Maxine PENTLICKI, Appellee.
No. 78-2136.
District Court of Appeal of Florida, Second District.
October 12, 1979.
*876 Wayne O. Smith of Wallace & Smith, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Martin S. Friedman, Asst. Atty. Gen. and Shirley Walker, Legal Research Asst., Dept. of Legal Affairs, Tallahassee, for appellee.
DANAHY, Judge.
The pendency in the same circuit court of two separate proceedings concerning a father's duty of child support, one a post-judgment proceeding in the dissolution of marriage action between the parents and the other a proceeding under the Uniform Reciprocal Enforcement of Support Act (URESA),[1] has produced an anomalous result which we are asked to resolve on this appeal. In the dissolution of marriage proceeding, an order was entered suspending the child support payments originally decreed in the final judgment. Simultaneously, in the URESA proceeding an order was entered declining to suspend the child support payments previously required in that proceeding. The latter order is before us for review. We reverse.
The final judgment dissolving the marriage of the parties was entered by the circuit court of Pinellas County on July 19, 1973. The judgment awarded custody of the parties' two minor children to appellee, their mother, with visitation granted to appellant on Sundays between the hours of 9 a.m. and 5 p.m. The judgment further directed that appellant pay child support of $30 per week.
Subsequently appellee and the children left Florida and became residents of the State of Idaho. Appellant remained a resident of Pinellas County. In 1977 appellee initiated URESA proceedings in an Idaho court for enforcement of appellant's child support obligation. The Idaho court duly transmitted the necessary documentation to the clerk of the circuit court of Pinellas County. The state attorney for Pinellas County then filed his petition in the Pinellas County circuit court on behalf of appellee, asking that court to proceed in accordance with URESA to determine and enforce appellant's duty of support. Among the papers filed with that petition was a copy of the judgment of dissolution of marriage entered by the circuit court of Pinellas County in 1973. Under the URESA enforcement mechanism thus activated, the law of Florida, the responding state, determines appellant's duty of support.[2]
*877 Appellant was duly served with an order to appear before the trial judge in the URESA proceeding and a hearing was held on February 22, 1978. The record on appeal contains no transcript of the proceedings at that hearing, but apparently appellant asserted at the hearing that he had been deprived of his visitation rights and in fact did not know the current residence address of his children. In any event, a URESA order was entered by Judge James B. Sanderlin on February 28, 1978, directing appellant to pay the sum of $30 per week as child support to the clerk of the court for transmittal to the clerk of the Idaho court, but with the proviso that the clerk of the circuit court of Pinellas County was to withhold disbursement of the child support payments until appellee provided the current residence address of the children and current pictures of them, and gave consent for summer visitation between the children and appellant. No appeal was taken from that order.
Six months later, on appellant's motion, an order was entered in the dissolution of marriage proceeding suspending the child support payments required of appellant by the final judgment of July 19, 1973.[3] That order was entered by Judge Maynard F. Swanson and recited, 95 reasons for the order, that the child support payments "in this case" had been paid to the clerk of the Pinellas County circuit court and had been accumulated without transmittal to appellee because of appellee's failure to advise the clerk of her current residence address; and, consequently, the child support payments so held by the clerk had not been used for the purpose of providing for the care and welfare of appellant's children.
Appellant then filed a motion in the URESA proceeding, reciting the entry of the order suspending child support payments in the dissolution of marriage proceeding, and asking that an order be entered suspending the child support order entered in the URESA proceeding. That motion was denied in an order entered by Judge David Seth Walker. In his order Judge Walker expressed the opinion that the duty of support under the provisions of Chapter 61, governing dissolution of marriage proceedings, is separate and independent from the duty of support imposed under URESA. Judge Walker further opined that to honor an order suspending support under Chapter 61 would constitute "visitation litigation" under URESA, contrary to the holding of this court in Grosse v. Grosse, 347 So.2d 1099 (Fla. 2d DCA 1977). In the posture of this case, both conclusions are incorrect.
URESA creates no duty of support; that statute simply provides a means for enforcing a duty of support as that duty may exist under the law of the responding state.[4] It provides remedies in addition to and entirely separate from and independent of any remedies existing under other applicable provisions of law. Thompson v. Thompson, 93 So.2d 90 (Fla. 1957).
Thus, when a URESA proceeding for enforcement of a child support obligation is lodged in the same court of the responding state in which antecedent divorce proceedings took place, the URESA proceeding is maintainable as a separate remedial action and may not be dismissed simply because the same court retains jurisdiction of the subject of child support as part of the divorce proceeding. Wagner v. Wagner, 291 So.2d 655 (Fla. 2d DCA 1974), 1962 Op.Atty.Gen. 454; Trippe v. Trippe, 53 Cal. App.3d 982, 126 Cal. Rptr. 214 (Ct.App. 1975).
But notwithstanding that there were properly two separate proceedings before the circuit court of Pinellas County concerning appellant's child support obligation, the subject matter  appellant's duty of support  was the same. We suggest that in such a situation the proceedings should be consolidated to avoid the incongruity which *878 has resulted in this case from the assignment of the proceedings to different circuit judges who apparently hold differing opinions on the propriety of suspending child support payments when rights of visitation have been denied. Conflicts in the exercise of a circuit court's jurisdiction in concurrently pending matters are easily obviated by consolidation. In re Guardianship of Bentley, 342 So.2d 1045 (Fla. 4th DCA 1977); Fla.R.Civ.P. 1.270.
It is true that this court has held that visitation rights are not properly a subject of inquiry in a URESA proceeding, and that it is error to enter an order in such a proceeding suspending child support payments until visitation rights are afforded. Grosse v. Grosse, supra. But visitation rights may be considered in a postdecretal child custody and support proceeding in conjunction with dissolution of marriage. Denton v. Denton, 147 So.2d 545 (Fla. 2d DCA 1962). When, as in this case, that proceeding and a URESA proceeding are pending in the same court, jurisdiction should not be exercised in one case with total disregard for the pendency of the other. Orders in the separate proceedings should be compatible, with due regard to the entire range of inquiry available to the court in its determination of the relative rights and obligations of the parties. There is no justification for permitting the purpose of the child custody and support jurisdiction under Chapter 61 or the purpose of URESA jurisdiction to be thwarted on technical procedural grounds. State of Illinois v. Sterling, 248 Minn. 266, 80 N.W.2d 13 (1956).
The order suspending child support payments in the dissolution of marriage proceeding between the parties is not before this court for review and we express no opinion as to the propriety of that order. However, we do observe that appellee may seek relief from that order through modification or collateral attack, if grounds for relief exist in her favor; and representation of her interests by the state attorney in this respect is compatible with the state attorney's duty under URESA. State of Illinois v. Sterling, supra.
We hold only that appellant's duty of support enforceable in the URESA action is circumscribed by the order entered in the dissolution of marriage proceedings suspending child support payments. Thus it was error to deny appellant's motion for suspension of the child support order entered in the URESA proceeding based on the prior entry of the suspension order in the dissolution of marriage proceeding. In this respect we agree with the analysis of the court of appeals of Arizona in an identical situation. State ex rel. Arvayo v. Guerrero, 21 Ariz. App. 173, 517 P.2d 526 (Ct.App. 1974). Cf. Cochran v. Cochran, 263 So.2d 292 (Fla. 2d DCA 1972) (where the same circuit court had suspended child support obligations in dissolution of marriage proceeding for noncompliance with order requiring recognition of visitation rights, trial judge properly dismissed subsequently initiated URESA proceeding as an attempt to circumvent the child support suspension order).
The result we reach here is not compelled, as appellant argues, by the language of Section 88.281, Florida Statutes (1977), which provides that an order of support issued by a Florida court in a URESA proceeding where Florida is the responding state shall not supersede any previous order issued in a dissolution of marriage or separate maintenance action. Nor is our conclusion in conflict with the 1979 amendment to Section 88.281 effective October 1, 1979, as appellee argues. Section 88.281, as amended, provides that a support order made by a court of this state pursuant to URESA does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or other law, regardless of the priority of issuance, unless otherwise specifically provided by the court.
In our view, Section 88.281, both before and after the 1979 amendment, means that a duty of support may be considered and determined in a URESA proceeding de *879 novo, notwithstanding that some other court may previously have entered a support order against the same obligor, and a URESA support order will stand even though another court may subsequently issue an order concerning the same duty of support. Section 88.281 contemplates that there may be a variance in determinations by separate courts of the same support obligation; the obligor is not harmed so long as he is protected against duplicating payments. Section 88.281 solves that problem by providing that payments pursuant to one support order shall be credited against payments due for the same period under another support order. However, where dual support proceedings are concurrently pending in the same court, there is no need to resort to Section 88.281 for reconciliation of the orders entered in those proceedings. Internal court management by the simple expedient of consolidation should avoid any variance in those orders.
Reversed and remanded for further proceedings not inconsistent with this opinion.
GRIMES, C.J., and HOBSON, J., concur.
NOTES
[1] Chapter 88, Fla. Stat. (1977), amended by Ch. 79-383, Laws of Florida (effective October 1, 1979).
[2] § 88.081, Fla. Stat. (1977).
[3] A circuit court has continuing jurisdiction under § 61.13, Fla. Stat. (1977) to modify an award of child support in a final judgment of dissolution of marriage.
[4] §§ 88.031(6) and 88.081, Fla. Stat. (1977).