396 So.2d 1227 (1981)
June MALONEY, Appellant,
v.
Michael William MALONEY, Appellee.
No. 80-917.
District Court of Appeal of Florida, Second District.
April 22, 1981.
Howard B. Bischoff, Asst. State Atty., Sarasota, for appellant.
No appearance for appellee.
HOBSON, Acting Chief Judge.
The wife appeals an order of the lower court which conditions the first $20 payment of child support upon the husband being allowed visitation. We address the issue of whether the trial court erred by conditioning payment of child support on visitation.
The husband and wife were divorced in Sarasota County on February 20, 1979. In the final judgment of dissolution the husband was required to pay to the wife the sum of $20 per week for child support. Subsequently, the wife moved to Michigan and filed an action under the Uniform Reciprocal Enforcement of Support Act (URESA) against the husband. At the hearing the husband complained of difficulties with visitation. The final judgment of dissolution of marriage had granted the husband reasonable rights of visitation. The trial judge entered an order which conditioned the first $20 payment for child support on visitation rights.
Section 88.271, Florida Statutes (1979), states that "The determination or enforcement of a duty of support owed to one petitioner is unaffected by any interference by another petitioner with rights of custody or visitation granted by a court." The only subject matter covered under this section and chapter appears to be the duty of support. Grosse v. Grosse, 347 So.2d 1099 (Fla. *1228 2d DCA 1977); Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975); Davis v. Davis, 376 So.2d 430 (Fla. 1st DCA 1979).
Though URESA creates no duty of support, it does provide a means for enforcing the duty of support as that duty may exist under the law of the responding state. Ray v. Pentlicki, 375 So.2d 875 (Fla. 2d DCA 1979). Thus, the husband can assert his reasonable right to visitation by applying for modification of his support obligation under the original dissolution judgment on the basis that the wife is interfering with visitation rights granted to him under the original dissolution judgment.
Accordingly, the order appealed is vacated and the case is remanded for further proceedings consistent with this opinion.
REMANDED.
BOARDMAN and DANAHY, JJ., concur.