402 So.2d 1301 (1981)
Thomas Lee STEPHENS, Appellant,
v.
Lois Marie STEPHENS, Appellee.
No. PP-405.
District Court of Appeal of Florida, First District.
August 17, 1981.
Rehearing Denied September 29, 1981.
*1302 David C. Goodman, Jacksonville, for appellant.
Jim Smith, Atty. Gen. and Bruce D. Barkett, Asst. Atty. Gen., for appellee.
PER CURIAM.
The husband appeals the trial court's order, entered in a uniform reciprocal enforcement of support action (URESA), modifying the support payments awarded in the original divorce decree. We reverse.
On January 6, 1975, the Circuit Court for Duval County rendered a final judgment dissolving the marriage between the parties and ordering the husband to pay $25.00 each week in support payments. On April 10, 1975, the trial court entered an order staying the payment of support. On April 7, 1976, the wife, appellee, then living in Maryland, filed a petition under that state's uniform act. The cause was then transferred to the Circuit Court for Duval County where the trial court entered a final order requiring the husband to pay $20.00 each week in support payments. The husband filed a motion to stay and vacate the final order in which he asserted the trial court lacked jurisdiction to establish support payments in the URESA action. The trial court denied the motion and the husband appealed.
In Ray v. Pentlicki, 375 So.2d 875 (Fla. 2d DCA 1979), the court considered a similar case in which two separate proceedings, a post-judgment modification and a URESA action, were pending before different judges of the same circuit. The modification proceeding resulted in a suspension of support payments. The husband then moved to suspend a payment order rendered in the URESA action which the trial court denied. The Second District Court of Appeal reversed the cause holding the URESA action was circumscribed by the order entered in the dissolution of marriage proceeding.
We agree with the result in Ray. Section 88.281, Florida Statutes (1975), provides that "[a]ny order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a dissolution of marriage for separate maintenance action... ." See also Cochran v. Cochran, 263 So.2d 292 (Fla. 2d DCA 1972). Although the statute is broad enough to permit a responding court in a URESA action to initially determine the duty of support, this is not permitted when there is a previous order establishing support in the underlying dissolution of marriage proceeding.[1] Accordingly, the trial court erred in denying the motion to vacate. Therefore, the case is reversed and the cause remanded with instructions to the trial court to enter an order vacating the final support order rendered on July 26, 1976.
MILLS, J., and OWEN, WILLIAM C. Jr. (Retired), Associate Judge, concur.
WENTWORTH, J., dissents with opinion.
*1303 WENTWORTH, Judge, dissenting.
I agree with the result in Ray and with its conclusion that the issue presented is not one of jurisdiction. The decision is not in conflict with the order appealed in the present case. The reversal in Ray required only that a URESA order (on motion to vacate) should be compatible with a dissolution support order entered simultaneously and involving the same parties in the same Florida circuit court, since consolidation was an available procedure to achieve consistency. The order now before us involves a motion to vacate a URESA order for support entered more than a year after a modification order suspending support in the dissolution proceeding. The record establishes that the order appealed (denying motion to vacate) was entered in recognition of the prior orders in both proceedings, entered by the same judge. Clearly, then, the need for compatibility in simultaneous orders does not here exist, and Ray provides no support for mandating consistency when elapse of time permits differing disposition of support claims in either URESA or dissolution modification proceedings. The current order on the merits of that issue in this case is the URESA order, in contrast to the situation in Ray where the current order was the dissolution modification.
Section 88.281, Florida Statutes (1975), provides that an order of support issued by a court of this state when acting as a responding state is not nullified by a subsequent dissolution order and does not supersede a previous order of support in a dissolution action:

A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. [e.s.]
However, see Cochran v. Cochran, 263 So.2d 292 (Fla. 2d DCA 1972), holding URESA was improperly used to circumvent a support suspension order.
The uniform act was designed simply as a means for enforcing the duty of support otherwise "imposed or imposable." Section 88.031(6), Florida Statutes. Ray, supra. The act does not create a duty of support but provides a remedy by which the trial court may require support payments otherwise imposable under our law independent of a dissolution proceeding subject to the need for consistency in simultaneous orders in proceedings between the same parties in the same court.
The order should be affirmed.
NOTES
[1] The fact that the trial court has stayed the support order has no bearing on our analysis of this issue.