405 So.2d 207 (1981)
Gena W. KIRBY, Appellant,
v.
John McKinley KIRBY, Appellee.
No. 80-2308.
District Court of Appeal of Florida, Third District.
October 6, 1981.
Rehearing Denied November 12, 1981.
*208 Gena W. Kirby, in pro. per.
John McKinley Kirby, in pro. per.
Before BARKDULL, HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
In this action for past due child support payments, plaintiff Gena Kirby, appellant herein, challenges an order denying her a judgment for arrearages based on her failure to comply with visitation orders.
The parties separated in 1975 while both were North Carolina residents. By order of May 1, 1975, the North Carolina Superior Court awarded appellant support for the parties' three minor children then in her custody. Thereafter, appellee moved to Florida. On October 29, 1975, the North Carolina court entered judgment for monies past due on the previous order. In February, 1976, appellant successfully registered the two foreign support orders in the Dade County Circuit Court under section 88.351 of the Uniform Reciprocal Enforcement of Support Act (URESA). On June 21, 1977, a final judgment of dissolution of marriage was entered in the circuit court and all proceedings on any orders or judgments previously entered by the court were stayed pending a hearing. The dissolution decree ordered appellee to pay child support in the amount of $100 per month. A succession of motions have been filed by the parties in the past few years, culminating in the order which is the subject of this appeal. On November 20, 1980, the circuit court directed appellee to pay appellant $475 per month for child support, and discharged arrearages accumulated prior to September 1, 1980 in the sum of $3,300 because appellee was denied visitation with the children.
Appellant contends[1] that the trial court abused its discretion in setting aside the arrearages, arguing that enforcement proceedings for support under URESA may not adjudicate visitation rights or other issues. Citing Grosse v. Grosse, 347 So.2d 1099 (Fla. 2d DCA 1977), and Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975), appellant argues that the only matter susceptible of adjudication in a URESA action is the duty of support. Were this a pure URESA action we would be inclined to agree with appellant's position. However, visitation rights are properly considered in a post-decretal child custody and support proceeding in conjunction with dissolution *209 of marriage.[2]Ray v. Pentlicki, 375 So.2d 875 (Fla. 2d DCA 1979).
In the instant case, the URESA and dissolution actions have been consolidated to avoid any variance in orders entered, and to effectuate the purposes of both Chapter 61 and Chapter 88. See Ray v. Pentlicki, supra. The remedies provided by the URESA statute are in addition to and entirely separate from and independent of any remedies existing under other applicable provisions of law. § 88.012, Fla. Stat. (1979). Thus, the trial judge simply exercised the full range of authority available to him in determining the relative rights and obligations of the parties. The court's finding, moreover, that appellant wilfully refused to comply with its order directing her to allow the children to visit with their father (which finding is amply supported by the record), is an extraordinary circumstance justifying the discharge of the past due amounts. Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). See also Panganiban v. Panganiban, 396 So.2d 1156 (Fla. 2d DCA 1981).
We conclude that the trial court acted within its continuing power to modify the final judgment of dissolution in dismissing the arrearages as a result of appellant's willful refusal to comply with visitation orders. Accordingly, the order under review is affirmed.
Affirmed.
NOTES
[1] Both parties have represented themselves on this appeal.
[2] A circuit court has continuing jurisdiction under § 61.13, Florida Statutes (1979), to modify an award of child support in a final judgment of dissolution of marriage.