426 So.2d 1106 (1983)
Manuel GONZALEZ-GOENAGA, Appellant,
v.
Leticia Brunet GONZALEZ, Appellee.
No. 82-644.
District Court of Appeal of Florida, Third District.
February 1, 1983.
Rehearing Denied March 10, 1983.
Elizabeth S. Baker, Legal Services of Greater Miami, Inc., Miami for appellant.
Melvin A. Rubin, Miami, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a judgment for arrearages and establishment of monthly support to be made by a father under the Uniform Reciprocal Enforcement Support Act (URESA) (Chapter 88 Florida Statutes 1979).
The father contends, among other things, that he could not be required under this chapter to pay support for one of his children who had reached the age of eighteen. In a foreign jurisdiction the father had been previously adjudicated responsible for support of his children until each of them reached the age of twenty-one. The mere fact that the father has moved to this jurisdiction which requires support only to age eighteen will not defeat his obligation required under the law of the foreign jurisdiction which is now being enforced in Florida. Compare the reasoning found in Cochran v. Cochran, 263 So.2d 292 (Fla. 2d DCA 1972).
The other points urged for reversal are found to be without merit. Kirby v. Kirby, 405 So.2d 207 (Fla. 3d DCA 1981); Stephens v. Stephens, 402 So.2d 1301 (Fla. 1st DCA 1981); Grosse v. Grosse, 347 So.2d 1099 (Fla. 2d DCA 1977); Fugassi v. Fugassi, 332 So.2d 695 (Fla. 4th DCA 1976); Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975) Cochran v. Cochran, supra; Warrick v. Hender, 198 So.2d 348 (Fla. 4th DCA 1967); Watson v. Dreadin, 309 A.2d 493 (D.C. 1973); Section 88.101 Florida Statutes (1979).
Therefore the judgment and order of support are hereby affirmed.
Affirmed.