The Honorable Robert E. Stone State Attorney Nineteenth Judicial Circuit Post Office Box 1968 Stuart
Dear Mr. Stone:
This is in regard to your request for an Attorney General Opinion on substantially the following questions:
 1. PURSUANT TO THE UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT, CH. 88, F.S., IS THE STATE ATTORNEY AUTHORIZED TO ENFORCE AN OBLIGATION TO PAY SUPPORT AFTER A CHILD REACHES EIGHTEEN IF THE FOREIGN JUDGMENT AWARDING CHILD SUPPORT PROVIDES FOR SUPPORT PAST THE AGE OF EIGHTEEN?
 2. IS THE STATE ATTORNEY AUTHORIZED TO SEEK A MODIFICATION OF A CHILD SUPPORT AWARD ENTERED IN A DIVORCE ACTION IN ANOTHER STATE IN A URESA ACTION UNDER CH. 88, F.S.?
Chapter 88, F.S., is the "Revised Uniform Reciprocal Enforcement of Support Act (1968)" (URESA herein). As stated in s 88.021, F.S., the purpose of the act is to improve and extend by reciprocal legislation the enforcement of duties of support. The act contains provisions for both criminal and civil enforcement of such duties in Parts II and III thereof respectively. Part IV of URESA deals with the registration of foreign support orders.
QUESTION I
Several recent Florida appellate court decisions appear to speak directly to the issue of whether a respondent in this state, under a duty of support imposed pursuant to a foreign judgment being enforced in Florida, may be relieved of his or her obligation to pay support for a child after the child reaches eighteen when the foreign judgment requires support to be paid past that age. Uncertainty in this regard appears to involve s 743.07, F.S., which provides that persons eighteen years and older shall enjoy and suffer the same rights, privileges and obligations of persons twenty-one years of age and older and s 88.081, F.S., which requires that an obligor be charged the duty of support imposed under the laws of any state where the respondent/obligor was present for the period during which support is sought (usually Florida). Your letter states that your office has interpreted the provisions of s 88.081, F.S., to mean that the obligation to pay support should normally terminate when the child to whom such duty is owed reaches eighteen unless there are extenuating medical circumstances or the child has not yet graduated from high school.
In the case of Gonzalez-Goenaga v. Gonzalez, 426 So.2d 1106 (3 D.C.A. Fla., 1983), a father asserted that he could not be required to pay child support under Ch. 88, F.S., for one of his children who had reached eighteen years of age. The father had previously been adjudicated in a foreign jurisdiction to be responsible for supporting his children until each of them reached twenty-one. The court stated, at p. 1106, that "[t]he mere fact that the father has moved to this jurisdiction which requires support only to age eighteen will not defeat his obligation required under the law of the foreign jurisdiction which is now being enforced in Florida." Cf., Cochran v. Cochran, 263 So.2d 292
(2 D.C.A. Fla., 1972).
In a second district case, Berger v. Hollander, 391 So.2d 716 (2 D.C.A. Fla., 1980), a mother brought a proceeding to establish and enforce a New Jersey divorce judgment as a local decree. The court, at page 718, cited s 1, Art. IV, U.S. Const., as requiring the courts of each state to give full faith and credit to judicial proceedings of every other state: "Thus, unless a valid final judgment of a sister state violates some public policy of the State of Florida, the courts of Florida must enforce it as they would a Florida judgment." The court discussed the case law of New Jersey and determined that there is no fixed age when emancipation occurs in that state. In New Jersey, appellee could be held to pay child support for his son after the age of eighteen and, finding no recent Florida case law to the contrary, the court held that since the child support payments had been reduced to a final judgment in New Jersey, that portion of the New Jersey judgment was entitled to full faith and credit in Florida. Further, the court related that while an order for future installments of child support which were not yet due would not be enforceable under the rationale of full faith and credit (because the order was subject to modification by the court which rendered the order), Florida courts may give effect to a foreign judgment under the principle of comity, by which one court follows the decisions of another court on a similar question although not required to do so by precedence. Cf., s 743.07, F.S., removing the disability of nonage for persons in Florida who are eighteen years of age or older and providing, inter alia, in subsection (2) that "[t]his section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years . . . ."
Therefore, Florida case law appears to support the authority of a state attorney in this state to enforce pursuant to a Ch. 88, F.S., URESA action, an obligation imposed by a foreign judgment or decree to pay child support although the child receiving such support is eighteen years of age or older.
QUESTION TWO
Remedies for the establishment and enforcement of orders of support provided by Ch. 88, F.S., i.e., URESA, are in addition to and not in substitution for or in lieu of any other existing remedies. See, ss 88.012, 88.041, F.S. Pursuant to s 88.101, F.S., "[a]ll duties of support, including the duty to pay arrearages, are enforceable by a proceeding under this act, including a proceeding for civil contempt . . . ." Under Ch. 88, F.S., the duties of support imposed are those of any state where the respondent was present for the period during which support is sought. See, s 88.081, F.S. As perceived by Florida courts, a URESA action is a separate and distinct proceeding the only subject matter of which is the imposed or imposable duty of support thereunder. See, Vecellio v. Vecellio, 313 So.2d 61, 62 (4 D.C.A. Fla., 1975); Grosse v. Grosse, 347 So.2d 1099 (2 D.C.A. Fla., 1977); Davis v. Davis, 376 So.2d 430, 431-432 (1 D.C.A. Fla., 1979); Maloney v. Maloney, 396 So.2d 1227-1228 (2 D.C.A. Fla., 1981). The Uniform Reciprocal Enforcement of Support Act creates no duty of support but provides a means for enforcing a duty of support as such a duty may exist under the law of the responding state. See, Ray v. Pentlicki, 375 So.2d 875, 877 (2 D.C.A. Fla., 1979); Maloney v. Maloney, supra.
In Ray v. Pentlicki, supra, the court distinguished between an action regarding child support payments in the dissolution of marriage proceeding and a child support action under URESA. In drawing this distinction the court stated that:
 URESA creates no duty of support; that statute simply provides a means for enforcing a duty of support as that duty may exist under the law of the responding state. It provides remedies in addition to and entirely separate from and independent of any remedies existing under other applicable provisions of law.
The court urged consolidation of the actions in this case pointing out that although two separate proceedings had been before the circuit court, the subject matter of both, i.e., the appellant's duty of child support, was the same. See also, Kirby v. Kirby,405 So.2d 207 (3 D.C.A. Fla. 1981), appeal dismissed, 412 So.2d 467
(Fla. 1982). Cf., Maloney v. Maloney, supra. At the circuit court level, child support payments in the dissolution of marriage proceeding had been suspended. Appellant husband appealed from the circuit court order in the separate URESA action denying his motion to suspend child support payments entered in the URESA proceeding. The Second District Court of Appeal held that "appellant's duty of support enforceable in the URESA action is circumscribed by the order entered in the dissolution of marriage proceedings suspending child support payments". See, Ray v. Pentlicki, supra at 878. The court discussed s 88.281, F.S., stating that:
 Section 88.281, as amended, provides that a support order made by a court of this state pursuant to URESA does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or other law, regardless of the priority of issuance, unless otherwise specifically provided by the court. At p. 878.
As set forth in Ray v. Pentlicki, supra at pp. 878-879, s 88.281, F.S., "means that a duty of support may be considered and determined in a URESA proceeding de novo, notwithstanding that some other court may previously have entered a support order against the same obligor, and a URESA support order will stand even though another court may subsequently issue an order concerning the same duty of support." While the court recognized that a variance in determinations by separate courts of the same support obligation could occur, the obligor would not suffer adversely as s 88.281, F.S., provides that payments made pursuant to one court order shall be credited against payments due for the same period under another support order, resulting in no duplication of payments.
In Stephens v. Stephens, 402 So.2d 1301 (1 D.C.A. Fla., 1981), the court considered whether support payments awarded in the original divorce action were subject to modification by the trial court in a URESA proceeding. The First District Court of Appeal agreed with the result reached in Ray v. Pentlicki, supra, and, citing s 88.281, F.S., stated that "[a]lthough the statute is broad enough to permit a responding court in a URESA action to initially determine the duty of support, this is not permitted when there is a previous order establishing support in the underlying dissolution of marriage proceeding." Stephens at 1302.
Therefore, it would appear, pursuant to s 88.281, F.S., and the cases discussed herein, that a URESA proceeding is a separate and distinct action in which the only issue is the previously imposed or imposable duty of support and that modification of an award of child support made in a dissolution action is not appropriate to a proceeding under Ch. 88, F.S.
In sum, it is my opinion that a foreign judgment that an obligor pay child support past the age of eighteen for any child is enforceable under Ch. 88, F.S., in this state for amounts due and owing. Further, I would opine that a child support award entered in a dissolution of marriage action may not be modified in a proceeding under Ch. 88, F.S., but may be maintained otherwise.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General