## STATE OF FLORIDA, etc. v BARTLETT

Case No. 87-3083-DR-01

Twelfth Judicial Circuit, Sarasota County

August 17, 1987

### APPEARANCES OF COUNSEL

**Susan J. Anger** for petitioner.

**Julian F. Broome** for respondent.

### OPINION OF THE COURT

BECKY A. TITUS, Acting Circuit Judge.

### *ORDER ON MOTION TO DISMISS*

THIS CAUSE was heard before the court on respondent's motion to

dismiss a complaint filed under the Uniform Reciprocal Enforcement of Support Act (URESA), Chapter 88, Fla. Stat. (1979). For the reasons set forth below, the court grants the motion as to Douglas Bartlett, Jr. and denies the motion as to Meredith Bartlett.

On February 3, 1982, this court dissolved the marriage of the parties herein, Kay Williams and Douglas Bartlett, Sr. The final judgment of dissolution of marriage awarded custody of the minor children to the husband and ordered the wife to pay child support. Subsequently, Kay Williams moved to Pennsylvania. It is undisputed that the parties' daughter and son, Meredith and Douglas, currently reside with their mother. Having remained a resident of Pennsylvania, Williams has filed a complaint for support under URESA in which she claims that Bartlett has a duty to support both children. Bartlett has filed a motion to dismiss, alleging that since the divorce judgment awarded Meredith's custody to him, Williams has no legal standing to file a URESA complaint. He also asserts that Douglas has reached the age of majority and that Williams is precluded from seeking support because she is currently in contempt of the divorce judgment for failure to pay attorney's fees and child support in 1982 and 1983.

As the custodial parent, Williams has standing to seek support for Meredith. The law is clear that URESA provides a remedy "in addition to and entirely separate from and independent of any remedies existing under other applicable provisions of law." *Ray v. Pentlicki*, 375 So.2d 875, 877 (Fla. 2d DCA 1979). Simply stated, Williams could file a petition for modification of the custody provision of the divorce judgment and thereby obtain support. But she also has another remedy under URESA to accomplish the same result. Her complaint should not be dismissed simply because this court "retains jurisdiction over the same subject of child support as part of the divorce proceeding." *Id.*

Moreover, although URESA does not create a duty of support, it provides a remedy where the duty of support is "imposable" by law as well as imposed by order, decree or judgment. s.88.031(3), Fla. Stat. Williams' actual custody of Meredith supports a legally "imposable", albeit not imposed, claim for support under s. 61.14 Fla. Stat. (1975). Section 88.281 provides that a URESA support order "does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law. . . ."

Finally, it can be said that section 88.271 applies to the facts in this case. That section is entitled "Rules of Evidence" and provides that "[t]he determination or enforcement of a duty of support owed by one

6

petitioner to another is unaffected by any interference by another petitioner with rights of custody or visitation granted by a court." Although Bartlett is concededly not "another petitioner" in this proceeding, he certainly has a legal right to custody granted by a court. The fact that he chooses not to enforce that right should not interfere with the "imposable" duty of support he owes to his minor daughter.

Bartlett's argument regarding Williams' contempt is without merit. Her previous failure to pay attorney's fees and child support does not preclude her from bringing this action for *current* support. *Hill v. Hill*, 204 So.2d 346 (Fla. 4th DCA 1967).

Upon the foregoing, it is hereby

ORDERED AND ADJUDGED that the motion to dismiss the complaint as to Meredith Bartlett is denied. The motion to dismiss as to Douglas Bartlett, Jr. is granted in that the parties agree he is over the age of eighteen (18) years.

DONE AND ORDERED in chambers this 17th day of August, 1987, Sarasota, Florida.