568 So.2d 537 (1990)
STATE of Florida, Appellant,
v.
George Franklin BUTZ, Appellee.
No. 89-3206.
District Court of Appeal of Florida, Fourth District.
October 24, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogrs, Asst. Atty. Gen., West Palm Beach, for appellant.
Bruce A. Zimet of Bruce A. Zimet, P.A., Fort Lauderdale, for appellee.
POLEN, Judge.
The state timely seeks review of the trial court's denial, on the grounds of lack of jurisdiction, of the state's post-trial and post-sentencing hearing, rule 3.800 motion requesting the imposition of restitution. We affirm.
After a jury convicted Butz of aggravated battery and trespassing, the trial court sentenced him to a term of four and one-half years incarceration. Although the court file contained a victim impact statement showing doctor bills exceeding $150,000, the trial court neither ordered restitution pursuant to section 775.089, Florida Statutes (1989), nor stated its reasons for not so doing. The state failed to request such either in the presentence investigation or at the sentencing hearing. Within sixty days subsequent to the sentencing hearing, the state filed a motion to determine restitution. The hearing on the motion was not held until after the sixty-day period, at which time the trial court denied imposition of restitution based on a lack of jurisdiction.
Florida Rule of Criminal Procedure 3.800(a) permits a court to correct an illegal sentence at any time but does not authorize the increase of a legal sentence. State v. Whitfield, 487 So.2d 1045 (Fla. 1986). Rule 3.800(b) permits reduction or modification of a legal sentence within sixty days after imposition of such. Therefore, the question is whether the failure to impose restitution as part of a sentence results in an illegal sentence which would be correctible at any time, or merely incomplete, which would be correctible only within the sixty-day window.
We agree with our sister court's characterization of this type of sentence as incomplete and subject to modification. See Grice v. State, 528 So.2d 1347, 1350 (Fla. 1st DCA 1988). We also agree that any "modification" through the addition of restitution costs is not sentence enhancement. Id. at 1350. Given the facts of this case, we cannot say that failure to include restitution resulted in an illegal sentence.
*538 Therefore, only if brought to the court's attention within the sixty-day window would the court have jurisdiction to hear the matter. In that the matter was not timely brought to the judge's attention, the sixty-day period which would have allowed the court to make a sentencing determination concerning restitution had expired. Thereafter, the court was without jurisdiction to hear the matter.
AFFIRMED.
HERSEY, C.J., and RIVKIND, LEONARD, Associate Judge, concur.