573 So.2d 419 (1991)
Gary McLAUGHLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02736.
District Court of Appeal of Florida, Second District.
January 25, 1991.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The defendant challenges an increase in the restitution he was ordered to pay for damage done during the aggravated battery and false imprisonment offenses to which he pled guilty. We reverse.
Following his guilty plea, a sentencing hearing was held in April 1989. The defendant was placed on two years community control and ordered to begin making restitution payments for a total of $2,656. Four months later, in August 1989, a second hearing was held at which the prosecutor presented bills for repairs to the victim's home allegedly necessary because of the defendant's offenses. The defendant admitted responsibility for some of the damage and agreed to pay a portion of the requested sum; however, he objected to other sums. The trial judge ordered an increase of $800.43.
We agree with the defendant that the trial court lacked jurisdiction to impose the additional restitution. Florida Rule of Criminal Procedure 3.800(b) gives the trial court jurisdiction to modify a legal sentence within sixty days of imposition. Since more than 60 days had passed between the imposition of sentence and the second restitution hearing, the trial court's jurisdiction to modify the defendant's sentence had expired. State v. Butz, 568 So.2d 537 (Fla. 4th DCA 1990).
We note that the order of community control, which originally established that the defendant was to pay restitution does not specify an amount. The order must conform to the trial judge's oral pronouncement of $2,656 restitution. Williams v. State, 525 So.2d 458 (Fla. 2d DCA 1988). Accordingly, we reverse and remand for the trial court to enter an amended order.
DANAHY and THREADGILL, JJ., concur.