SCHOONOVER, Chief Judge.
The appellant, the State of Florida, Department of Health and Rehabilitative Services (HRS), on behalf of Brenda C. Kellams, challenges the trial court’s final order dismissing a Uniform Reciprocal Enforcement of Support Act (URESA) petition filed against the appellee, John Kellams. We reverse.
A final judgment dissolving the Kellams’ marriage was entered in the Circuit Court of Sarasota County, Florida, on December 9, 1981. The judgment awarded custody of the parties’ three children to Mrs. Kellams and required Mr. Kellams to pay child support in the amount of $25 per week per child. The judgment also contained a provision retaining jurisdiction for purposes of enforcement.
On March 14, 1989, the appellant filed a URESA petition in the state of Indiana. Her petition which was forwarded to Sarasota County, Florida, requested that the court enter an order increasing support for the two children that remained minors.
While that action was pending, the parties entered into an agreement modifying the original final judgment of dissolution of marriage by awarding custody of one of the children to the husband. The agreement provided that neither party would be responsible to the other for child support for that child. The trial court ratified the agreement.
The wife then filed an amended petition in the URESA action requesting child support for the minor child who was not the subject of the agreement and arrearages for both children. This petition was dismissed with prejudice on the grounds that the trial court lacked jurisdiction to hear the matter. This timely appeal followed.
We agree with the appellant that this jurisdictional issue was decided in Ray v. Pentlicki, 375 So.2d 875 (Fla. 2d DCA 1979). In Ray we stated:
[Wjhen a URESA proceeding for enforcement of a child support obligation is lodged in the same court of the responding state in which antecedent divorce proceedings took place, the URESA proceeding is maintainable as a separate remedial action and may not be dismissed simply because the same court retains jurisdiction of the subject of child support as part of the divorce proceeding.
*421 According to Ray, the URESA proceeding is maintainable as a separate remedial action even though the trial court had retained jurisdiction of child support enforcement as part of the divorce proceeding. Any order entered in the URESA action should be compatible with the support provisions of the dissolution action, see Stephens v. Stephens, 402 So.2d 1301 (Fla. 1st DCA 1981), and neither order, in itself, will render the other order a nullity. § 88.281, Fla. Stat. (1987). The court, furthermore, has the authority to consolidate the two actions if necessary. Ray. We, accordingly, reverse the order dismissing the action with prejudice.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL and HALL, JJ., concur.