588 So.2d 53 (1991)
Arthur Lee WEAVER, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2219.
District Court of Appeal of Florida, Third District.
October 29, 1991.
*54 Bennett H. Brummer, Public Defender and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Alphonso S. Milligan and Michael J. Neimand, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and FERGUSON and GODERICH, JJ.
PER CURIAM.
The defendant, Arthur Lee Weaver, appeals from an amended sentencing order. We reverse.
Pursuant to the defendant's plea of nolo contendere, the trial court sentenced the defendant to 364 days in prison and ordered him to pay $500.00 to the victim as restitution. This sentence was announced on June 7, 1990. On August 16, 1990, the state orally moved to amend the restitution amount to $4,254.20 because the victim was not present at the initial sentencing hearing and the actual damages were more than those originally imposed. Over the defendant's objection, the trial court granted the state's motion and raised the amount of restitution to $4,254.80.
We agree with the defendant that the trial court lacked jurisdiction to impose additional restitution seventy days after the original restitution amount was ordered. Rule 3.800(b), Florida Rules of Criminal Procedure (1989), gives the trial court jurisdiction to reduce or modify a legal sentence within sixty days of imposition. Since more than sixty days had passed between the sentencing hearing and the second restitution hearing, the trial court's jurisdiction to modify the defendant's sentence had elapsed. See McLaughlin v. State, 573 So.2d 419 (Fla. 2d DCA 1991); State v. Butz, 568 So.2d 537 (Fla. 4th DCA 1990). Accordingly, we vacate the trial court's order rendered August 16, 1990, increasing the amount of restitution.