PARKER, Judge.
The State of Florida, Department of Health and Rehabilitative Services, o/b/o Susan K. Herron Nelson, appeals the trial court’s order adopting the findings and recommendations of the child support hearing officer. After a hearing on the Uniform Reciprocal Enforcement of Support Act (URESA) petition for support and arrearag-es filed by the mother, the hearing officer concluded that there were no child support arrearages and ordered Mr. Herron to pay child support until his children reach age eighteen. We reverse, concluding that child support is due until the children reach age twenty-one, unless otherwise emancipated under the laws of Indiana.
An Indiana Court had ordered the father to pay child support for his three children until each child is emancipated. Under Indiana law, the duty to support a child ceases when the child reaches twenty-one years of age unless the child is emancipated prior to reaching his twenty-first birthday. Ind. Code § 31-1-11.5-12(d) *773 (1988)[1]; Olson v. Olson, 445 N.E.2d 1386 (Ind.Ct.App. 2d Dist.1983). In Gonzalez-Goenaga v. Gonzalez, 426 So.2d 1106 (Fla. 3d DCA 1983), the third district court stated, “The mere fact that the father has moved to this jurisdiction which requires support only to age eighteen will not defeat his obligation required under the law of the foreign jurisdiction which is now being enforced in Florida.” In Gonzalez, as in this case, the order of the foreign court applying the law of that jurisdiction provided that the father was responsible for the support of his children until they reached the age of twenty-one.
In remanding this case to the trial court, we also note that there may be ar-rearages as alleged by the mother. It is clear from this record that by an agreement of the parents reached in 1984, the father of the three children is entitled to a credit of $13,000 against his child support obligations. However, it is not clear from this record when that $13,000 was exhausted and when the father was required to reinitiate child support payments. We direct the trial court to address this issue upon remand.
Reversed and remanded for further proceedings consistent with this opinion.
DANAHY, A.C.J., and PATTERSON, J., concur.

. This statute was in effect when the court rendered the order of decree of dissolution of marriage in February 1982.