604 So.2d 32 (1992)
Michael Wayne BROCK, Appellant,
v.
STATE of Florida, Appellee.
No. 91-04005.
District Court of Appeal of Florida, Second District.
August 26, 1992.
Judge C. Luckey, Jr., Public Defender, and Gary O. Welch, Asst. Public Defender, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant argues that the court did not have jurisdiction to order him to pay $700 in restitution four-and-one-half months after appellant pled guilty and was sentenced. We agree.
On June 5, 1991, appellant appeared at the courthouse unannounced, desiring to plead guilty to the two charges against him stemming from his alleged sale of three stolen diamonds to a pawnbroker for $700.
Even though appellant's case was not on the docket for that day, the court was able to receive appellant's plea and proceed to sentencing. After sentencing appellant to two concurrent terms of community control, the court stated: "No restitution to the pawnbroker. He has no business pawning these if they were worth $45,000." The $45,000 figure had been given to the court by the Assistant State Attorney Tsourakis, who did not have appellant's office file with him because appellant had not been scheduled for that day.
On October 29, 1991, almost four-and-one-half months later, Assistant State Attorney Michael Rosen appeared before the judge explaining that he had placed the case on the docket again because there was a restitution issue. Rosen had learned that the $45,000 value given the court by Tsourakis was erroneous; the actual value was closer to $2,000. Rosen reasoned that *33 since the trial court's earlier statements and ruling regarding restitution were based on erroneous information, the court had jurisdiction to order restitution and would do so now. The state never moved to modify the original sentence. The court ordered appellant to pay $700 in restitution to the pawnbroker, over appellant's objection on jurisdictional grounds.
On November 25, 1991, appellant filed a petition for writ of certiorari that this court ordered treated as a direct appeal.
Under Florida Rule of Criminal Procedure 3.800, a trial court may reduce or modify a legal sentence within sixty days of imposition; it may correct an illegal sentence at any time. Since the restitution here was imposed more than sixty days after appellant was sentenced, the original sentence must have been deemed illegal in order for the trial court to have had the jurisdiction to subsequently order appellant to pay restitution.
The failure to impose restitution, however, does not render a sentence illegal. State v. Butz, 568 So.2d 537 (Fla. 4th DCA 1990). See also Weaver v. State, 588 So.2d 53 (Fla. 3d DCA 1991). Rather, the failure to impose restitution renders the sentence incomplete and subject to modification within sixty days. See Butz.
Thus, the court's initial failure to order restitution did not result in an illegal sentence and, consequently, the trial court was without jurisdiction to impose restitution four-and-one-half months after appellant was sentenced.
Although the state argues that the pawn-broker was never afforded an opportunity to establish his financial loss at the original sentencing thus making the second hearing for restitution the completion of that initial hearing, we are not so persuaded. See Weaver.
We reverse.
PARKER and BLUE, JJ., concur.